242 So.2d 698 (1971)
Owen Ralph HUFF
v.
J.A. BOYD.
No. 46010.
Supreme Court of Mississippi.
January 4, 1971.
*700 Mitchell, McNutt & Bush, Tupelo, for appellant.
T. Fred Wicker, Pontotoc, for appellee.
*699 RODGERS, Justice:
This case came to this Court on appeal from a final judgment of the Circuit Court of Pontotoc County, Mississippi, in favor of J.A. Boyd against Owen Ralph Huff in the sum of $1,015.31 representing damages due to appellee growing out of an automobile accident.
It appears from the record that the appellant was driving a Volkswagen automobile east on Highway 72 in Alcorn County at about 5:30 p.m. on October 16, 1966. It was about "dusk dark" or between sundown and dark. Most of the automobiles on the highway had lights aglow. The appellant was traveling in a line of automobiles going east. He moved out of the line of automobiles into the left lane to pass three automobiles. He passed two automobiles, but as he attempted to pass the third vehicle, the driver (Mrs. Annie Mullins) turned to her left across the path of the oncoming appellant onto a gravel road running north from its intersection with the paved Highway 72. She had given her proper signal to turn left at the intersection. The Volkswagen driven by appellant struck the automobile driven by Mrs. Mullins at the left rear as it went into the gravel road. The Volkswagen stopped in the left lane on the pavement on the highway. The appellant got out of his Volkswagen and went to the automobile driven by Mrs. Mullins to determine whether any of the occupants were injured.
At this time a highway patrolman (who had been following the Volkswagen) drove his patrol car to the side of the road and turned on his blue blinking signal light which was located on the roof of the patrol car. He went to the automobile in the gravel road. The appellant made no effort to get his wrecked Volkswagen off the heavily traveled highway. Nevertheless, for some time (said by some witnesses to be two to five minutes, and others said fifteen minutes) the heavy traffic continued to flow east and west by and around the Volkswagen. No one attempted to direct traffic and no lights nor visible warning of any kind were put on or near the Volkswagen. There were lights located around the store at the road intersection.
In the meantime, appellee, J.A. Boyd, was traveling as a passenger in his 1966 Bonneville Pontiac automobile in a westerly direction on Highway 72, approaching the scene of the accident. Mr. Ervin Tutor was driving the appellee's Pontiac automobile. As they approached the Volkswagen they faced a long line of automobiles, each of which had lights burning. The driver saw lights at the store and Mrs. Tutor mentioned that she saw a blinking light. The driver, however, said that he did not see any red lights. The Highway Patrol had recently changed from a red signal light to a blue light and Mr. Tutor said that "it was probably a honky tonk." He did not recognize the blue light as a warning signal and continued to drive at about fifty miles per hour with his lights on dim until he was suddenly confronted with the disabled Volkswagen. He applied his brakes and the Pontiac skidded along the highway for a distance of seventy-five feet before striking the Volkswagen and causing it to roll off the highway. It was agreed that the Pontiac was damaged in the sum of $1,015.31 and the Volkswagen in the sum of $373.12. As a result of the accident, appellant cross-sued for the damages to the Volkswagen.
After the plaintiff, J.A. Boyd, had rested his case, the defendant, Owen Ralph *701 Huff, moved the court to (1) direct a verdict in favor of defendant. This motion was overruled; whereupon, the defendant, Huff, offered evidence for defendant and after he had rested his defense he again moved the court to exclude the evidence for the plaintiff, Boyd, and to direct a verdict for the defendant in the sum of $373.12 because, it was argued, defendant Huff was guilty of no negligence after the first accident. This motion was overruled. The defendant then made the following motions, all of which were overruled. (1) He moved the court to exclude all the evidence of negligence of the defendant after the first accident; (2) he moved the court to instruct the jury as a matter of law that Mr. Tutor was negligent in the operation of the Pontiac automobile which proximately caused or causally contributed to the accident. After the jury returned the verdict for the appellee, the appellant made a motion for a new trial and, when this motion was overruled and judgment entered, the defendant and cross-plaintiff appealed.
The appellant has presented eight assignments of error alleged to have been committed by the trial court, but all of these grounds may be properly considered under two broad headings  (1) the trial court erred in not directing a verdict for the plaintiff Huff because there was no negligence shown on the part of the defendant and cross-plaintiff Huff that could have caused or contributed to the damages of plaintiff Boyd's automobile; (2) the court erred in giving certain instructions to the jury which will be discussed later.
The paramount issue in this case (as contended by the appellant, Owen Ralph Huff) is whether or not the alleged negligent acts of the driver of the plaintiff's Pontiac in driving the Pontiac automobile into and against the wrecked Volkswagen belonging to appellant was an efficient intervening cause which insulated appellant from liability.
It is said by the textwriter in 65 C.J.S. Negligence § 111(1) (1966), at page 1198, that:
* * * An intervening cause will be regarded as the proximate cause, and the first cause as too remote, where the chain of events is so broken that they become independent and the result cannot be said to be the natural and probable consequence of the primary cause, or one which ought to have been anticipated. The law will not look back from the injurious consequences beyond the last efficient cause, especially where an intelligent and responsible human being has intervened.
Not every intervening cause, however, relieves an actor of responsibility, and it is well settled that the mere fact that other causes, conditions, or agencies have intervened between defendant's negligence and the injury for which recovery is sought is not of itself sufficient in law to relieve defendant from liability. The original wrongdoer is liable notwithstanding the intervening act or event if the injury is the natural and probable consequence of the original negligent act or omission, and is such as might reasonably have been foreseen as probable, or if the actor knows, or has reasonable means of knowing, that consequences not usually resulting from the act are likely to intervene so as to cause damage.
In the case of Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243 (1956), after discussing the authorities from many outside jurisdictions, we had this to say on this subject:
* * * [E]ven though the defendant may have been negligent, nevertheless if an independent intervening agency was the proximate cause of the injury inflicted, the plaintiff can not recover upon the original act of negligence, we are of the opinion, that even though the appellee in this case may have been guilty of negligence in violating the statute prohibiting the leaving of a car unattended with the key in the switch, nevertheless the act of the thief in running a red light at a reckless rate of speed was an intervening agency which caused the accident *702 complained of and superseded the original act of negligence of the appellee. * * * (229 Miss. at 404, 91 So.2d at 252)
The Permenter case clearly sets forth what this Court has considered to be the meaning of "an independent intervening agency" becoming the proximate cause of an accident. See also Mississippi City Lines, Inc. v. Bullock, 194 Miss. 630, 13 So.2d 34 (1943). It is pointed out in the dissenting opinion in Permenter that:
In the case of D'Antoni v. Albritton, 156 Miss. 758, 126 So. 836, 838, the Court, in discussing liability for a negligent act, said: "The act must be of such character that the person doing it should reasonably anticipate that some injury to another will probably result therefrom." The converse of this is inescapably true that liability attaches to the actor if the act be of such character that the person doing it should reasonably anticipate that some injury to another will probably result therefrom. It is not every intervening cause that insulates the original act of negligence. (229 Miss. at 405, 91 So.2d at 252)
A careful study of the authorities has convinced us that "the efficient intervening cause" rule is not applicable under the facts here involved. It will be remembered that the appellant attempted to pass three motor vehicles within one hundred feet of an intersection he knew to be there because of long-time travel of this highway. The acts of the appellant in passing at this point were clearly negligent and in violation of Section 8185, Mississippi Code 1942 Annotated (1956). See McCorkle v. United Gas Pipe Line Company, 253 Miss. 169, 175 So.2d 480 (1965).
After the first accident, it was the continuing duty of the appellant to remove his wrecked automobile from the traveled portion of the highway if practical. Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952). This duty continued from the time the automobile came to rest upon the highway until it was removed.
We said in Gulf Refining Co. v. Brown, 196 Miss. 131, 16 So.2d 765 (1944), in quoting from Public Service Corporation v. Watts, 168 Miss. 235, 150 So. 192 (1933), that:
* * * "If the force which causes the injury is put in operation or motion by what is the negligence of the defendant, and that force or motion is still in progress or operation and has not lost its identity and continuity as such when the injury occurs, then the negligence which [started] the injurious force in operation is the proximate cause."
We then said:
The position of the Stewart car on the bridge did not cease to be a legal and proximate cause of the accident * * *. (196 Miss. at 147, 16 So.2d at 769)
In Gulf Refining Co. v. Brown, supra, we cited Cumberland Telephone & Telegraph Co. v. Woodham, 99 Miss. 318, 54 So. 890 (1911), in which we quoted with approval the rule set out in 29 Cyc. 492-496 that:
* * * "If a defendant is negligent, and his negligence combines with that of another, or with any other independent intervening cause, he is liable, although his negligence was not the sole negligence, or the sole proximate cause, and although his negligence, without such other independent intervening cause would not have produced the injury." * * *
We went on to say:
* * * It is true that where the negligent act of a defendant is simply the cause sine qua non, and the negligence of a third person is the causa causans of an injury, such defendant is not liable in damages therefor; but where the negligence of a defendant results in a condition dangerous in itself, such as an ordinarily prudent person ought to have anticipated might occur, he is liable for any damage resulting therefrom, even though the particular injury complained of would not have resulted, had not the negligence of a third person combined *703 with his. (99 Miss. at 333, 334, 54 So. at 891)
The above rule has been approved many times. See cases cited in Whitten v. Land, 188 So.2d 246 (Miss. 1966).
The Volkswagen belonging to appellant Huff came to rest in the paved portion of the highway, and, until it was removed, the negligence of the owner, Huff, continued over into such other accidents that might have foreseeably occurred as a result of the dangerous situation created by the original negligence of the operation of the Volkswagen, Gulf Refining Co. v. Brown, supra. Therefore, the alleged negligence of the driver of appellee's automobile was not an effective intervening cause of the second accident resulting to insulate the appellant from liability.
The appellant insists that he was not negligent in failing to remove the Volkswagen from the highway because, it is said, the last part of Section 8215, Mississippi Code 1942 Annotated (1956), does not apply to vehicles disabled on the highway. This section is in the following language:
§ 8215. Stopping, standing or parking outside of business or residence districts.

(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of two hundred feet in each direction upon such highway.
(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.
We are of the opinion, however, that Section 8215, Mississippi Code 1942 Annotated (1956), does not apply in the instant case because the original negligence of the driver of the Volkswagen created a dangerous situation and he did not have the right to leave "such disabled vehicle in such position." Where one does not create a dangerous situation by his own negligence, he may stop on the highway temporarily, but even then he may be negligent if he leaves his vehicle in the highway for an extended length of time. Belk v. Rosamond, supra.
In the case of Medley v. Carter, 234 So.2d 334 (Miss. 1970), there was a three-vehicle collision. The jury returned a verdict against the driver of one of the vehicles in favor of the driver of the third automobile although the driver of the automobile disabled in the first accident was in his automobile, in the center of the highway, in an unconscious condition. The trial court set aside the jury verdict, but this Court reinstated it upon the ground that the comparative negligence of the automobile drivers was a jury issue.
The appellant argues next that he had the duty to "render assistance" to persons injured in the first accident and that he was attempting to perform this duty at the time of the second accident. This defense is based upon Section 8163, Mississippi Code 1942 Annotated (1956), sometime called the "Good Samaritan" defense. We do not agree with that contention in this case for several reasons. The facts do not bear out the contention that a "good samaritan" was needed. Moreover, as we pointed out in Gulf Refining Co. v. Brown, supra, one cannot create, or leave a situation created by him, dangerous to the traveling public, where no emergency exists, and offer the "good samaritan" duty as an *704 excuse for the negligence which created the danger.
Appellant complains that the trial court committed reversible error in granting the appellee instruction number one, the last part of which is as follows:
* * * and the Court further instructs you for the plaintiff, J.A. Boyd, that the defendant's failure, after his collision with the car of Mrs. Annie Mullins, to either remove or attempt to remove his automobile from the travelled portion of Highway No. 72, and his failure to attempt to warn the travelling public of his automobile situated in the travelled portion of Highway No. 72, constituted negligence on the part of said defendant, which proximately caused, or proximately contributed to the automobile accident in which the plaintiff was involved.
We think that this instruction, under the facts in this case, was proper. It will be remembered that the Volkswagen was in the highway in a dangerous place through the negligence of the appellant. The traffic was congested, it was getting dark, and the appellant made no attempt to move the vehicle or to prevent an accident by attempting to warn the oncoming traffic.
The appellant argues that instruction number two requested by the appellant was erroneously refused by the trial judge. This instruction is in the following language:
The Court instructs the jury for the Defendant and Counterclaimant that Mr. Tutor, the driver of the automobile of the Plaintiff, was guilty of negligence as a matter of law in the operation of the automobile of the Plaintiff; and that if you believe from the evidence that such negligence was a sole proximate cause of the collision involved in this suit, then it is your sworn duty to find for the Defendant and Counterclaimant, awarding him such damages as you find from the evidence that he suffered as a result of his automobile being struck by the automobile owned by the Plaintiff and driven by the said Mr. Tutor.
The appellant bases his argument upon the common law rule that the operator of a motor vehicle must drive at such a speed as to be able to stop within the range of his vision and that the driver of appellee's Pontiac automobile did not reduce his speed although he should have seen the warning signal on the highway patrol car. Appellant cites several cases as authority for this argument, including Kettle v. Musser's Potato Chips, Inc., 249 Miss. 212, 162 So.2d 243 (1964), and Pullin v. Nabors, 240 Miss. 864, 128 So.2d 117 (1961).
We have, however, pointed out that the "range of vision" rule is not a hard and fast rule which will preclude recovery in every case. Each case must be considered under the facts and circumstances of the individual case. Jester v. Bailey, 239 Miss. 384, 123 So.2d 442 (1960); Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So.2d 578 (1951). See also 22 A.L.R.2d 310 (1952).
The instruction was properly refused because, in addition to the above authorities, this instruction is in conflict with instruction number one for the plaintiff in which the court properly instructed the jury that the negligence of the defendant caused or contributed to the cause of the second accident.
We do not find any error in the other instructions complained of by appellant and, since we are of the opinion that the issue on comparative negligence was properly submitted to the jury, we hold that the verdict of the jury and judgment of the court should be affirmed.
Affirmed.
ETHRIDGE, C.J., and JONES, BRADY and SMITH, JJ., concur.