271 So.2d 418 (1972)
James MANESS et al.
v.
ILLINOIS CENTRAL RAILROAD COMPANY et al.
No. 46922.
Supreme Court of Mississippi.
December 18, 1972.
Rehearing Denied January 15, 1973.
*420 Prewitt & Braddock, Vicksburg, for appellants.
Dent, Ward, Martin & Terry, Vicksburg, Daniel, Coker, Horton, Bell & Dukes, Jackson, for appellees.
BROOM, Justice:
This is an appeal from the Circuit Court of Warren County, Mississippi. The suit was brought by the appellant, James Maness, father of Calvin Maness, deceased, under Mississippi Code 1942 Annotated section 1453 (Supp. 1971) for the alleged wrongful death of the said deceased. Defendants to the suit were Illinois Central Railroad Company, Jack's Cookie Corporation, and Rayfield A. Luccasen, all three of whom are appellees. Consolidated and tried along with said suit was the suit of Paul Tice as plaintiff, one of appellants herein, for property damages to his truck which was driven by Calvin Maness. In the lower court a directed verdict was given in favor of Illinois Central Railroad Company, appellee. The jury returned a verdict in favor of the other two appellees, Jack's Cookie Corporation and Rayfield A. Lucassen. Now James Maness and Paul Tice appeal to this Court.
On October 2, 1969, late in the afternoon, before dark, Calvin Maness was killed in the accident in question. The accident occurred on U.S. Highway 61 in Issaquena County, approximately one-fourth mile south of the town of Valley Park, Mississippi. The highway and the railroad are approximately parallel and run in a generally north and south direction, and are adjacent to each other. Going north from the area of a trestle about a mile south of Valley Park, the distance separating the highway and railroad gradually diminishes. Grass approximately six to ten inches tall grows along the highway and railroad right-of-way. Ralph Frisby, a witness, resides in a house situated approximately one-fourth mile south of Valley Park and six hundred to seven hundred feet west of the railroad.
Several witnesses testified that they saw smoke and fire near the railroad trestle during the early part of the afternoon. A highway patrolman, Joe Braun, testified that at about 7:00 o'clock p.m. he saw where the fire had burned on the railroad right-of-way, and it was his opinion that the fire had started within thirty feet of the trestle and upon the railroad right-of-way. No eyewitness stated with certainty as to whether or not the fire originated on the railroad property. No one actually saw the fire originate; no one testified as to who or what ignited or caused the fire.
William Duchesne testified that he returned in the early afternoon to work in a field west of the railroad. While en route, he observed a truck which he said was that of the appellee, Illinois Central Railroad Company. Said truck passed him and parked at the southeast corner of the field where he had been working. Duchesne stated that he observed the fire on the railroad right-of-way subsequent to the parking of the railroad truck. He did not recognize or identify anyone in or on the truck.
Apparently the fire progressively went in a northerly direction from the general area of the trestle to a point near to where the fatal highway accident occurred. A southwesterly wind blew the smoke from the railroad right-of-way across the adjacent highway, obscuring the vision of travelers upon the highway. Apparently the wind velocity and direction were not constant so that at intervals visibility was changing from zero to normal in daylight. Sometime between 5:00 and 6:00 o'clock p.m. a Goodyear tire truck was proceeding *421 through the smoke on the highway when it was struck from the rear by the truck of the appellee, Jack's Cookie Corporation, being operated by another appellee, Rayfield A. Luccasen. According to the witness Frisby the cookie truck was traveling at approximately forty-five to fifty miles per hour when it struck the Goodyear tire truck, which in the impact was knocked approximately a hundred to a hundred and fifty feet off and to the west of the highway. The cookie truck remained upon said U.S. Highway 61, blocking the north and southbound lanes of traffic.
While the cookie truck remained on the highway, it was struck from the rear by a pickup truck being driven by Wendell Johnson who then moved his pickup, which was not disabled, off the highway, leaving the cookie truck still there. In this situation Calvin Maness came along the scene driving a bean truck owned by appellant Paul Tice. After the deceased had proceeded some fifty to seventy-five feet into the area enveloped by smoke, said bean truck collided with the cookie truck, killing the said Calvin Maness.
The testimony indicates that the appellee Luccasen, driver of the cookie truck, was not able to see after he entered the smoke on the highway. He did not apply his brakes nor did he turn on his lights. He did take his foot off the accelerator and thereby reduce his speed prior to entering the smoke. During the brief time, approximately five to ten minutes, from the moment the cookie truck struck the Goodyear truck until the fatal collision, the appellee Luccasen put out no flares nor warning signals and made no attempt to remove his truck from the highway. He stated that after the collision he was "shocked" and thought he was trapped inside the truck for a time.
When the plaintiffs rested their case, the court entered a directed verdict for the appellee, Illinois Central Railroad Company, whose motion for such verdict charged in effect that the appellants (plaintiffs) had failed to show that the fire in question was started by any agent or employee of the railroad or that the railroad had knowledge that the fire was on the railroad right-of-way prior to the accident for sufficient time to have extinguished it. After the railroad made its motion for a directed verdict, appellants (before the court ruled on said motion) applied for leave to reopen their case for the purpose of introducing into evidence interrogatories propounded by plaintiffs to the railroad, and no doubt intended to include the written answers of the railroad previously filed in response thereto. The motion literally specified only the "interrogatories." The lower court refused to permit the appellants to reopen, and then granted the railroad a directed verdict.
The first assignment of error made by appellants is that the court erred in directing a verdict for the railroad when the appellants rested. Appellants contend that there was in the record ample testimony requiring that a jury should pass on whether or not the railroad was guilty of negligence either in starting the fire by act of its agents or employees, or, whether or not the fire was existing on the railroad right-of-way for sufficient time for the railroad to be charged with the duty of extinguishing the fire before the accident.
We find no merit in this assignment. No witness testified that any employee or agent of the railroad set the fire. Also, there is no substantial or credible evidence that any employee or agent of the railroad had knowledge of said fire for a sufficient period of time to be chargeable, in the exercise of reasonable care, with the duty of extinguishing the fire before the accident occurred.
This Court in a recent fire case, Gulf Oil Corporation v. Turner, 235 So.2d 464 (Miss. 1970), speaking through Gillespie, P.J., held that in determining whether a party is entitled to a directed verdict the court must view the evidence in the light most favorable to the party in whose favor *422 the jury returned the verdict. We must consider as true all evidence favorable to the successful party. All conflicts in the evidence are resolved in favor of the prevailing party. See also, involving smoke on a highway, the case of Butler v. Chrestman, 264 So.2d 812 (Miss. 1972). A careful review of the record leads us to conclude that any thesis upon which the railroad could be held liable for negligently starting the fire or failing to extinguish it would have to be based upon surmise, conjecture and speculation. At the most, as reflected by the record before us, the evidence amounts to no more than a scintilla that the railroad is in any way connected with the fire, or had through any of its agents or employees knowledge of the fire for sufficient time to have extinguished it before the accident in which the deceased was killed. John Morrell & Co. v. Shultz, 208 So.2d 906 (Miss. 1968). No witness testified who started the fire, or precisely just where it was started. To sustain a verdict the evidence must rise high enough that the cause of the fire may not rest on surmise, conjecture or speculation. 65A C.J.S. Negligence § 244(9) (1966).
In the previous "fire cases" of Gulf Oil Corporation, supra, and Keith v. Yazoo & Mississippi Valley R.R., 168 Miss. 519, 151 So. 916 (1934), we held that a jury should determine whether or not the alleged tort feasor was guilty of negligence. In both said cases there was evidence that Gulf in one and the railroad in the other definitely set the fires in question.
The case of Berry v. Brunt, 252 Miss. 194, 200, 172 So.2d 398, 400-401 (1965) had this point involved. It was a "fire" case in which the trial court entered a directed verdict for the defendant. On appeal this Court held that the directed verdict was properly entered, and, through Rodgers, J., said:
The question to be determined here is, after applying the foregoing rule in the trial court, was the evidence sufficient to show that defendant was negligent so as to require an issue to be submitted to the jury?
As a general rule, in order to establish an allegation of negligence based upon circumstances, inferences and acts of a defendant in the nature of admissions, the proof or circumstances shown must be such that they will take the case out of the realm of conjecture and place it within the field of a legitimate inference of liability. Alexander Pool Co. v. Pevey, 247 Miss. 389, 152 So.2d 451 (1963); Brunt v. Chicago Mill & Lbr. Co., 243 Miss. 607, 139 So.2d 380 (1962); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962); Denman v. Denman, 242 Miss. 59, 134 So.2d 457 (1961); Magnolia Petroleum Co. v. Stinson, 230 Miss. 533, 93 So.2d 815 (1957); Tombigbee Electric Power Ass'n v. Gandy, 216 Miss. 444, 62 So.2d 567 (1953); Johnston v. Canton Flying Services, Inc., 209 Miss. 226, 46 So.2d 533 (1950).
In the case of Brown Oil Tools, Inc. v. Schmidt, 246 Miss. 238, 148 So.2d 685 (1963), we quoted from 38 Am.Jur. Negligence § 334 (1941) wherein it was said:
"* * * proximate cause need not be established by the testimony of eyewitnesses, nor by direct or positive evidence, but may be proved by circumstantial evidence; it may be determined from the circumstances of the case. * * * In view of the fact that the burden of proof is upon the plaintiff, such circumstances must be ample and must appear from the evidence. Moreover, the evidence must not leave the causal connection a matter of conjecture; it must be something more than consistent with plaintiff's theory as to how the accident occurred."
Following the rule laid down in the case of Berry v. Brunt, supra, we hold that the railroad in the present case was entitled to a directed verdict.
In his second assignment of error the appellants contend that the lower court *423 erred in overruling their motion for leave, after resting, to reopen for the purpose of introducing into evidence "the interrogatories" propounded to the railroad and doubtless also desired to include the written answers which the railroad had filed in response to interrogatories of the appellants. Actually the motion only specified the "interrogatories." Those whose testimony was included in said answers to appellants' interrogatories were train crewmen and the section foreman, none of whom were under subpoena, nor were they present in court. The court below ruled that "interrogatories" are not substantial evidence "and are not introducible as such." We held that interrogatories together with answers thereto may under proper circumstances be introduced into evidence. 27 C.J.S. Discovery § 67 at pages 191-195 (1959); Standard Life & Accident Co. v. Tinney, 73 Miss. 726, 19 So. 662 (1896); Miss. Code 1942 Ann. § 1712 (1956).
Careful scrutiny of said interrogatories, and answers of the railroad thereto, fails to reveal that they contained any more than a scintilla of evidence upon which the railroad could be possibly held responsible for said fire and the resulting fatal truck wreck. Therefore, the exclusion of the interrogatories and answers was not reversible error.
Appellants' third assignment of error urges that the lower court erred in not granting a peremptory instruction for the jury to return a verdict for the appellants against the appellees, Rayfield A. Luccasen and Jack's Cookie Corporation. This Court finds no merit in this assignment.
Testimony before us indicates the appellee Luccasen, when confronted with the smoke over the highway, let up on the accelerator and thereby reduced his speed. After entering the smoke he applied his air brakes and was apparently traveling at approximately fifteen miles per hour when he collided with the rear of the Goodyear truck. He was under "shock" and thought he "was trapped" inside the truck operated by him.
Appellants base said third assignment of error in part upon Mississippi Code 1942 Annotated section 8229-01(a) (Supp. 1971), which requires vehicles from one-half hour after sunset to a half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible any persons on the highway at a distance of five hundred feet ahead, to be equipped with lighted front and rear lamps. It is true that the appellee Luccasen did not have a rear light of any kind shining at the time of the fatal accident but it was for the jury to decide whether or not under the circumstances the failure of said appellee to have rear lights shining was a contributing proximate cause of the resulting injuries and damages or whether the deceased was guilty of superseding negligence which became the sole proximate cause of the fatal collision. Solomon v. Continental Baking Co., 172 Miss. 388, 160 So. 732 (1935).
Appellants also contend in their third assignment of error that the appellee Luccasen was negligent as a matter of law in failing to put out flares or otherwise warn other motorists of the danger of the cookie truck being situated in the smoke on the highway. Here the appellants rely upon Mississippi Code 1942 Annotated section 8256(b) (Supp. 1971), which section does provide that if a vehicle is stopped or disabled during the period when lighted lamps must be displayed on such vehicles, the driver shall cause such flares, fuses, reflectors, or other signals to be lighted or otherwise placed upon the highway at distances of approximately one hundred feet to the rear and in front of such disabled or parked vehicle. The testimony indicates that Luccasen was, by the trauma of his collision with the Goodyear tire truck, shocked and under the misapprehension that he was trapped within the truck.
*424 In their third assignment of error the appellants also contend that the appellee Luccasen, in leaving the cookie truck on the highway without removing or attempting to remove it from the highway, was guilty of such negligence as a matter of law as to leave no jury issue. As authority for this contention appellants cite the case of Huff v. Boyd, 242 So.2d 698 (Miss. 1971). One of the rules clearly laid down in Huff, supra, is that it is the continuing duty of one in the situation of appellee Luccasen to remove his wrecked vehicle from the traveled portion of the highway if practical. We hold that the court correctly permitted the jury to decide whether or not under the circumstances it was practical for appellee Luccasen to remove or attempt to remove his wrecked vehicle from the highway. Here it is noteworthy that the original dangerous situation on the highway, the fire and resulting smoke, was clearly not created by the appellee Luccasen. Therefore, as held in the case of Huff, supra:
Where one does not create a dangerous situation by his own negligence, he may stop on the highway temporarily, but even then he may be negligent if he leaves his vehicle in the highway for an extended length of time. Belk v. Rosamond, [213 Miss. 633, 57 So.2d 461] supra.

In the case of Medley v. Carter, 234 So.2d 334 (Miss. 1970), there was a three-vehicle collision. The jury returned a verdict against the driver of one of the vehicles in favor of the driver of the third automobile although the driver of the automobile disabled in the first accident was in his automobile, in the center of the highway, in an unconscious condition. The trial court set aside the jury verdict, but this Court reinstated it upon the ground that the comparative negligence of the automobile drivers was a jury issue. (242 So.2d at 703.)
The appellees Luccasen and Jack's Cookie Corporation pleaded in their answer that the deceased, Calvin Maness, was guilty of contributory negligence even if they were in any sense negligent themselves. We hold that under the circumstances the trial court did not err in submitting these issues to the jury.
The fourth assignment of error asserted by the appellants is to the effect that the verdict of the jury was against the overwhelming weight of the evidence and not a product of reason but a result of bias, passion and prejudice. The trial court had before it several issues related to negligence and proximate cause. A careful review of the record causes this Court to hold that the verdict of the jury was not manifestly erroneous under the facts and circumstances presented.
Next, in their fifth assignment of error appellants charge that the lower court erred in refusing to grant for them an instruction to the effect that Luccasen was guilty of negligence as a matter of law by his failure to put out flares. The instruction in question is as follows:
The Court instructs the jury for the Plaintiffs, James Maness and Paul Tice, that after the collision between the 1965 International truck driven by the Defendant, Raphael A. Luccasen, and the pickup truck driven by Dan Williams, the 1965 International truck driven by the Defendant, Raphael A. Luccasen, was stopped on the occasion in question in the traveled portion of U.S. Highway #61 and the Defendant, Raphael A. Luccasen did not place any lighted flares, fuses, reflectors or other signals at a distance of approximately one hundred feet to the rear of the truck he was driving or at a distance of approximately one hundred feet in advance of the truck he was driving or upon the roadway side of the truck he was driving and such failure was contrary to the law of the State of Mississippi and was negligent, *425 and if you believe from a preponderance of the evidence that said negligence proximately caused or contributed to the accident between the truck driven by Calvin Maness and the truck driven by the Defendant, Raphael A. Lucassen, and the death of Calvin Maness and damages of Paul Tice, if any, then it is your sworn duty to return a verdict for the Plaintiffs against the Defendants, Raphael A. Luccasen and Jack's Cookie Corporation.
The lower court did, at appellants' request, grant the following instruction which we hold, when considered together with the other given instructions, cured any error which the court could have committed in refusing the instruction first set forth above:
The Court instructs the jury for the Plaintiffs that if you believe from a preponderance of the evidence that on the occasion in question and the accidents complained of there was not sufficient light to render clearly discernible any person on the highway at a distance of five hundred feet ahead and that after the collision between the truck operated by the Defendant, Raphael A. Luccasen, and the pickup truck driven by Dan Williams, the truck driven by Raphael A. Luccasen was stopped in the traveled portion of U.S. Highway #61, then the Defendant, Raphael A. Luccasen, under the law of the State of Mississippi was required to cause such flares, fuses, reflectors or other signals to be lighted or otherwise placed in an operating condition and placed upon the highway, one at a distance of approximately one hundred feet to the rear of the vehicle he was driving, one approximately one hundred feet in advance of the vehicle he was driving and a third upon the roadway side of the vehicle he was driving and that the Defendant, Raphael A. Luccasen, failed in this duty and if you believe from a preponderance of the evidence that such failure, if any, constituted negligence, and if you further believe from a preponderance of the evidence that such failure, if any, proximately caused or contributed to the accident between the truck driven by Calvin Maness and the truck driven by Raphael A. Luccasen and to the death of Calvin Maness and Paul Tice's damages, if any, then it is your sworn duty to return a verdict for the Plaintiffs against the Defendants, Raphael A. Luccasen and Jack's Cookie Corporation.
Under the facts of this case it was for the jury to decide whether or not under the circumstances the failure of Luccasen to put out flares or similar devices was the proximate or contributing cause of the damages complained of. Mississippi Code 1942 Annotated section 8256(a) (Supp. 1971) requires trucks to carry flares, et cetera, between one-half hour after sunset and one-half hour before sunrise; subsection (b) of said section 8256 provides for the placing of flares, et cetera, on the highway when a truck is disabled during the period when lighted lamps must be displayed on such vehicle, when the same cannot be immediately removed. Whether or not under the circumstances reflected by the record before us the appellee Luccasen had a reasonable time or practical opportunity in which to comply with the statutory requirements, supra, having to do with flares, warning devices, et cetera, were properly questions of fact for the jury to decide.
The appellants next contend in their fifth assignment of error that the lower court erred in refusing appellants' instruction to the effect that Luccasen was negligent in failing to remove or attempting to remove the truck he was driving from the traveled portion of the highway. In this regard the appellants cite the failure of the court to grant the following instruction:
The Court instructs the jury for the Plaintiffs, James Maness and Paul Tice, *426 that the Defendant, Raphael A. Luccasen, after the collision of the 1965 International truck he was driving with the pickup truck driven by Dan Williams, did not remove or attempt to remove the 1965 International truck from the traveled portion of U.S. Highway #61 and such failure was contrary to the law of the State of Mississippi and was negligent, and if you believe from a preponderance of the evidence that said negligence proximately caused or contributed to the accident between the 1969 Ford truck driven by Calvin Maness, and the 1965 International truck owned by the Defendant, Jack's Cookie Corporation, and to the death of Calvin Maness and Paul Tice's damages, if any, then it is your sworn duty to return a verdict for the Plaintiffs, against the Defendants, Raphael A. Luccasen and Jack's Cookie Corporation.
This instruction, if granted, would have told the jury that Luccasen as a matter of law was guilty of negligence in not removing or attempting to remove from the highway the truck driven by him. It left the jury with no discretion to decide whether or not Luccasen had reasonable time or opportunity to remove said truck or attempt to remove it. It would have left the jury with no discretion to consider his (Luccasen's) testimony that his being shocked and under a misapprehension of being trapped as a factor which may have prevented him from removing or attempting to remove said vehicle prior to the collision. As held in the Huff case, supra, one whose vehicle being driven by him becomes wrecked and disabled has a continuing duty to remove the same if practical, under existing circumstances.
Another instruction granted the plaintiff concluded with the following language:
... if you further believe from a preponderance of the evidence that the blockage of U.S. Highway #61 North by the 1965 International truck proximately caused or contributed to the collision between the 1965 International truck and the truck driven by Calvin Maness, and the death of Calvin Maness, and the damages, if any, of Paul Tice, then your verdict should be for the Plaintiffs against the Defendants, Raphael A. Luccasen and Jack's Cookie Corporation.
This instruction obviously permitted the jury to decide any issue of negligence on the part of Luccasen, appellee, concerning his failure to remove or attempt to remove the disabled truck driven by him from the highway.
In their sixth assignment of error the appellants complain of the action of the trial court in granting two instructions for the appellees which included the question of contributory negligence on the part of the deceased, Calvin Maness. The record discloses that appellants did not in the lower court object to the granting of said two instructions of which appellants now complain for appellees, or state on what ground the said instructions were improper. Therefore, under Mississippi Supreme Court Rule 42, questions relating to said instructions not objected to below for some specific ground are not properly before this Court on appeal. Clark v. State, 260 So.2d 445 (Miss. 1972). This Court may waive said rule, supra, when to do so would prevent manifest injustice, but we see no injustice here.
As held by this Court in Mitchell-Davis Distributing Company v. McDonald, 223 Miss. 573, 78 So.2d 597 (1955), each and all of the jury instructions granted in a trial must be considered by the jury as a complete entity. It is the holding of this Court that all questions of negligence in this case were properly submitted to the jury and that when read and considered together there is no reversible error contained in the two instructions complained *427 of. Therefore, the judgment appealed from is affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH and SUGG, JJ., concur.