**Mrs. Dennis HAUSER,**
**Plaintiff/Appellant,**

v.

**KRUPP STEEL PRODUCERS, INC.,**
**D/B/A Universal Steel Company,**
**Defendant/Appellee.**

No. 84–4127.

United States Court of Appeals,
Fifth Circuit.

May 23, 1985.

Rehearing Denied June 17, 1985.

Paul Snow, P.A., Jim Brantley, Jackson, Miss., for plaintiff-appellant.

Michael W. Ulmer, Watkins & Eager, Heidelberg, Woodliff & Franks, John B. MacNeill, Jackson, Miss., for defendant-appellee.

Before RANDALL, JOHNSON and GARWOOD, Circuit Judges.

JOHNSON, Circuit Judge:

Anita Hauser, the plaintiff below, appeals from an adverse judgment in this Mississippi diversity case. At trial, Hauser sought damages from the defendant, Krupp Steel Producers, Inc., d/b/a Universal Steel Company (hereinafter Universal), for loss of consortium due to substantial injuries Hauser's husband sustained in a nighttime collision between two tractor-trailers on an interstate highway. Hauser asserted that the collision was caused by Universal's negligence. On appeal, Hauser asserts several grounds of error. This Court finds merit to one of those contentions and we hold that the district court incorrectly instructed the jury on Hauser's primary theory of recovery. For the reasons stated below, the judgment of the district court is reversed, and the case remanded for proceedings consistent with this opinion.

## I. BACKGROUND

The collision giving rise to the instant action involved two tractor-trailer trucks. One of these trucks was operated by Universal's employee Larry Meadows, and the other truck was driven by Hauser's hus-

band. About 2:30 a.m. on July 15, 1977, while driving on Interstate 20 in Mississippi, Meadows realized that his right wheel was on fire. Meadows stopped his truck and parked it some distance downhill from the crest of a hill. The parties hotly dispute whether Meadows parked the truck completely off the roadway on the right shoulder of the highway, or whether the truck remained partially in the right traffic lane of the highway. The evidence at trial conflicted on this point. In any event, Hauser's husband was travelling in the right lane of the highway and he crashed into the left rear of Meadows' truck. Hauser's husband suffered substantial physical injuries.

It is indisputable that flares were not placed around Meadows' disabled vehicle. Miss.Code Ann. § 63–7–71 requires that flares or other signals be placed around a disabled vehicle if the vehicle extends into the traffic lane. Meadows, by way of explanation, testified that he did not have time to set out the flares before his truck was hit by Hauser's husband's vehicle. Meadows stated that immediately after extinguishing the fire in the right wheel, he returned to the cab of his truck to get the flares, but that Hauser's husband's truck struck Meadows' truck before Meadows could get the flares.

The facts at trial also demonstrated that earlier in the evening of the crash, Meadows discovered that the bearings in his right wheel were overheating. Meadows testified that he stopped at a truckstop in Jackson, Mississippi, and that he could smell grease "frying" in the wheel. Meadows telephoned his employer, Universal, with this information, and Universal told him to continue driving to his destination in Georgia. Later, Meadows again noticed overheating in the wheel. Meadows parked his truck on the shoulder of the road and went to a service station where Meadows again telephoned Universal. This time, Universal informed Meadows to pull off the road at the next exit. Meadows continued driving down the road toward the next exit. Shortly thereafter, Meadows noticed that fire was coming from his right wheel; he pulled over to the edge of the road and shortly thereafter the collision occurred.

In an earlier and separate action, Hauser's husband successfully sued Universal. In the instant case, asserting offensive collateral estoppel, Hauser contended that she was entitled to partial summary judgment on the issue of liability. The district court denied Hauser's motion for partial summary judgment, and Hauser appeals that ruling. As stated, the instant case was tried to a jury and the jury returned a verdict in favor of Universal. Hauser appeals, asserting on appeal (1) that the district court erred in not finding Universal negligent as a matter of law, and (2) that the district court erroneously instructed the jury on Hauser's theory of the case.[1] This Court concludes that the district court erroneously instructed the jury on Hauser's theory of the case. For the reasons stated below, the judgment of the district court is re-

---

**1.** Hauser also asserts on appeal (1) that the verdict is not supported by the evidence, (2) that the district court erroneously refused to give the jury an instruction on punitive damages, (3) that the district court erroneously instructed the jury to reduce any damages awarded to Hauser by a percentage equal to the proportion of fault Hauser's husband bore for the accident, (4) that the district court prejudiced Hauser's case by referring to her husband's case both on jury voire dire and when the court instructed the jury, and (5) that the district court made several erroneous procedural and evidentiary rulings. Because this Court remands the instant case on the jury instruction issue, this Court need not reach the evidence sufficiency question. As to the punitive damages issue, the district court's

references to the earlier case, and the district courts evidentiary and procedural rulings, this Court declines to address issues which are dependant upon a record that may be markedly different on remand. Finally, this court declines to address the proportionate reduction in damages issue because Mississippi law appears to be unsettled on this point. Should the jury again find for Universal on proper instructions, we would have needlessly addressed an uncertain area of Mississippi law. The parties may protect themselves from a third retrial in this case by requesting that special interrogatories be submitted to the jury specifying the total damages, the percentage of fault attributable to Hauser's husband, and the final award, if any.

versed and the case remanded for proceedings consistent with this opinion.

## II. DISCUSSION

### A. *Offensive Collateral Estoppel*

■ Hauser contends that she was entitled to partial summary judgment on the issue of liability on the ground that Universal was collaterally estopped from denying liability because the jury in Hauser's husband's earlier case found Universal liable for his injuries. The district court denied Hauser's motion for partial summary judgment, and Hauser appeals that ruling. In its ruling, the district court relied on *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The district court found that Hauser was a "wait and see" plaintiff not entitled to offensive collateral estoppel because Hauser failed to present a valid reason for not joining her husband's earlier action. Thus the district court perceived that it would be unfair to allow offensive collateral estoppel in this case.[2] This Court presently addresses this issue because the availability to Hauser of offensive collateral estoppel would decide the liability issue on remand. This Court affirms the order of the district court denying Hauser's motion for partial summary judgment.

First, although the district court may have relied in part on Mississippi law in denying offensive collateral estoppel, federal law governs the collateral estoppel effect of an earlier federal judgment, even in diversity cases. *Wehling v. Columbia Broadcasting Co.*, 721 F.2d 506, 508 (5th Cir.1983). In *Parklane Hosiery, supra,* the United States Supreme Court approved the use of offensive collateral estoppel. The Supreme Court noted that the preferable approach to offensive collateral estoppel was not to preclude the doctrine, but to grant the district court broad discretion to determine when the doctrine should be available. The Supreme Court stated:

> The general rule should be that in cases where a plaintiff could easily have joined in the earlier action *or* where, either for the reasons discussed above or for other reasons, the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.

439 U.S. at 331, 99 S.Ct. at 651–52 (emphasis added). This Court has recognized that district courts have broad discretion to determine the availability of offensive collateral estoppel. *Nations v. Sun Oil Co.*, 705 F.2d 742, 744 (5th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 239, 78 L.Ed.2d 229 (1983).

In the instant case, the district court concluded that Hauser was a "wait and see" plaintiff. The district court found that there was no reason that Hauser could not have joined in her husband's earlier action. That finding is not clearly erroneous, and this Court concludes that the district court did not abuse its discretion in denying offensive collateral estoppel.

### B. *The Jury Instructions*

■ The main thrust of Hauser's case is that Miss.Code Ann. § 63–7–71 requires that flares or other warning devices be placed around a disabled vehicle that ex-

---

**2.** The district court's ruling stated:

> THIS DAY this cause came on for hearing on plaintiff's motion for partial summary judgment, and the Court having studied the briefs, and heard argument from counsel, denies the motion on the basis of *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552. The Court finds that plaintiff had legal counsel during the pendency of her husband's litigation, and counsel at that time knew of the potential for a loss of consortium suit by plaintiff. This suit by plaintiff for loss of consortium relies totally upon the liability in the husband's case. There is something inherently unfair in allowing plaintiff to sit by and await the results of her husband's suit before asserting her claim for loss arising out of the same facts. Mississippi law does not allow the defendant to use collateral estoppel defensively under the circumstances of this case. *Palmer v. Clarksdale Hospital,* 213 Miss. 611, 57 So.2d 476 (1952). Since plaintiff could have joined in her husband's suit or filed her own suit which could have been consolidated with her husband's case, and failed to do so, it is unfair for the plaintiff to take advantage of the liability feature of that earlier trial.

tends into the roadway, and that Universal's driver failed to place warning devices as required by the statute. Section 63–7–71(1) provides:

Whenever any motor truck or bus is stopped upon the highway except for the purpose of picking up or discharging passengers, or its lighting equipment is disabled during the period when lighted lamps must be displayed on vehicles and such motor truck or bus cannot immediately be removed from the main traveled portion of a highway outside of a business or residence district, the driver or other person in charge of such vehicle shall cause such flares, fusees [sic], reflectors, or other signals to be lighted or otherwise placed in an operating condition and placed upon the highway, one at a distance of approximately one hundred feet to the rear of the vehicle, one approximately one hundred feet in advance of the vehicle and the third up on the roadway side of the vehicle....

Violation of this statute constitutes negligence. *See Powers v. Malley,* 302 So.2d 262 (Miss.1974).

Hauser contends that the district court incorrectly instructed the jury regarding this statute because the district court instructed the jury that Meadows, Universal's driver, had a reasonable time in which to place the flares before violating the statute. The district court instructed the jury as follows:

The Court instructs the jury that if you believe from a preponderance of the evidence that Larry D. Meadows parked the truck of the defendant beside the eastbound lane of I–20, leaving a portion of the rear of said truck extending into the traveled portion of I–20, and failed to place flares, fuses or other signals to the rear of the truck *within a reasonable time,* then the Court instructs you that the defendant was negligent.

Record Vol. 3 at 359 (emphasis added). The Court also instructed the jury:

The Court instructs the jury that the driver of the defendant tractor-trailer rig had no obligation to place upon the highway flares, fuses, reflectors, or other signals, unless the defendant's truck was partly on the traveled portion of I–20. In the case at bar, if you believe from a preponderance of the evidence that the defendant's tractor-trailer rig was partly on the main traveled portion of I–20, then the Court instructs you that the defendant's truck driver had an obligation to place upon the highway flares, fuses, reflectors, or other signals, *within a reasonable time.*

Record Vol. 3 at 359–60 (emphasis added).

In both of these instructions, the district court included the reasonable time language emphasized above. Hauser contends that this is error, asserting that the defendant was not entitled to a reasonable time in which to place flares when the emergency that necessitated stopping the truck on the highway was an emergency created by the defendant's negligence. This Court agrees for the reasons stated below.

As an initial matter, this Court responds to the main contention of the defendant. Universal asserts that this case presented a single issue: whether or not the defendant's tractor-trailer rig extended into the traveled portion of the roadway. Universal asserts that the jury's verdict in favor of Universal conclusively establishes that the jury found that the rig did not extend into the roadway. Thus Universal argues that the controversy over the reasonable time language is immaterial since the jury concluded that flares were not required. This Court disagrees.

The jury returned a general verdict. While it is true that the jury might have found that the rig did not extend into the roadway and correspondingly that flares were not required, that is not the only conclusion the jury could have reached. The jury could have also concluded that the rig extended into the roadway, but that Meadows did not have a reasonable time in which to place warning devices after extinguishing the fire in the right wheel. In that event, the reasonable time language was crucial to the jury's determination of

the liability issue. As Universal correctly states, this Court must determine whether the district court's instructions misled the jury. *Ware v. Reed,* 709 F.2d 345 (5th Cir.1983). This Court concludes that the reasonable time language was misleading.

Our analysis begins with *Stong v. Freeman Truck Line, Inc.,* 456 So.2d 698 (Miss. 1984), the most recent Mississippi case that addresses section 63–7–71. In that case, the Mississippi Supreme Court stated:

> Under [section 63–7–71], a driver is not required to place flares, reflectors or other signals *immediately. Hankins v. Harvey* [248 Miss. 639, 160 So.2d 63, 69 (1964)] holds "immediately means only that it be put out with reasonable and proper diligence, or promptly under all the facts and circumstances of the case."

456 So.2d at 710 (emphasis in original). *Stong* states the general rule that a truck driver has a reasonable time in which to place flares.

Our inquiry in the instant case does not end there, however. The thrust of the plaintiff's theory is that if the defendant negligently created the emergency which caused the need to stop on the highway, then the defendant is *not* entitled to the generally allowed reasonable time to place flares. In other words, Hauser asserts that the defendant cannot excuse his earlier negligence on the ground that he did not have a reasonable time in which to place flares. This Court agrees.

In *Stong,* the Mississippi Supreme Court relied on *Hankins v. Harvey,* 248 Miss. 639, 160 So.2d 63 (1964), for the proposition that flares do not need to be placed immediately. In *Hankins,* the Mississippi Supreme Court stated:

> "However, he must be allowed a reasonably sufficient time to enable him to place the prescribed warning signals, and the requirement that the warning signal be put out 'immediately' means only that it be put out with reasonable and proper diligence, or promptly under all the facts and circumstances of the case * *.... These regulations were not intended to establish absolute liability regardless of fault, *and a violation may be justified on the ground of an emergency not attributable to the operator, or excused by reason of impossibility of compliance due to circumstances beyond his control,* as where he did not have sufficient time to comply therewith * * *."

160 So.2d at 69 (quoting from 60 C.J.S. Motor Vehicles § 335d at 784–85) (emphasis added).

*Hankins* clearly states that a violation of the statute may be justified on the ground of an emergency *not* attributable to the operator or excused by reason of impossibility of compliance due to circumstances *beyond the operator's control.* In the instant case, Hauser alleges that the emergency was attributable to Meadows and that it was within Meadows' control to prevent the emergency.

In an analogous situation, the Mississippi Supreme Court found that a defendant could not leave his disabled vehicle on the highway even temporarily if the car was disabled as a result of the defendant's own negligence. *Huff v. Boyd,* 242 So.2d 698 (Miss.1971). In *Huff,* the defendant negligently moved to the left to pass three vehicles and the lead vehicle of the three vehicles being passed made a left turn blocking the defendant's oncoming Volkswagen. The defendant's Volkswagen crashed into the turning vehicle. The defendant left his Volkswagen in the roadway in order to render assistance to the driver of the car he had struck. Subsequently, the plaintiff's car struck the defendant's disabled Volkswagen. 1942 Miss.Code Ann. § 8215 (1956) made it unlawful to leave any vehicle in the traveled part of the highway without leaving 20 feet of unobstructed highway. That statute created an exception for a vehicle that was disabled while on the main traveled portion of the highway to such an extent that it was impossible to avoid leaving the vehicle in that position. The defendant relied upon that exception as a defense to the plaintiff's action. The Mississippi Supreme Court rejected that defense stating:

We are of the opinion, however, that Section 8215 ... does not apply in the instant case because the original negligence of the driver of the Volkswagen created a dangerous situation, and he did not have the right to leave "such disabled vehicle in such position." *Where one does not create a dangerous situation by his own negligence, he may stop on the highway temporarily,* but even then he may be negligent if he leaves his vehicle in the highway for an extended length of time.

242 So.2d at 703 (emphasis added). *Accord Maness v. Illinois Central Railroad Co.,* 271 So.2d 418, 424 (Miss.1972).

This Court concludes that the flare statute involved in this case has been construed in Mississippi to allow an operator reasonable time to place flares when required by the statute, unless, as in the instant case, the emergency that created the need to stop on the highway arises out of the negligence of the operator. This Court so held in *Anderson v. Eagle Motor Lines, Inc.,* 423 F.2d 81 (5th Cir.1970).

In *Anderson,* the defendant was driving a tractor-trailer combination approximately sixty feet long down a highway which was approximately forty feet wide. The defendant's driver negligently attempted to turn the truck around in the roadway. The truck totally blocked both lanes of traffic as Anderson's car approached the scene. The truck driver unsuccessfully attempted to warn Anderson of the danger ahead, but Anderson crashed into the truck and was killed instantly.

The defendant asserted that compliance with the flare statute was impossible because the existing emergency did not permit sufficient time for the flares to be placed. This Court stated:

Here again, the argument is not tenable, for the lack of time in which to place flares cannot excuse the original act of negligence which created the emergency.

423 F.2d at 84. This court referred to its earlier analysis of section 8215, the parking statute that was also involved in the *Huff* case. The Court stated:

[Mississippi] decisions understandably recognize the right of a motorist in traffic to momentarily stop on the highway without being in violation of the statute. Suffice it to say, however, that the decisions emphasize the need for common sense, practicality and reasonableness in the application and interpretation of the statute, taking into consideration the exigencies of traffic and such factors as the condition of the shoulders of the road, the time space and opportunity to remove the vehicle, and the emergency existing prior to such parking. None of these contingencies, however, exist in favor of appellant. *Jones knowingly created his own emergency. The fact that there was no time later in which he could extricate himself from the dangerous position in which he deliberately placed himself cannot excuse his initial act of negligence.*

423 F.2d at 84 (emphasis added). *Accord Aetna Casualty & Surety Co. v. Condict,* 417 F.Supp. 63, 69 (S.D.Miss.1976) (compliance with flare statute immaterial where driver negligently created a dangerous situation; such negligence carried over and proximately caused the ensuing accident irrespective of the defendant's compliance with the flare statute).

Finally, this Court concludes that the recent decision in *Stong* does not undermine the rationale in the *Anderson* and *Aetna* cases just discussed. In the *Stong* case, the defendant driver came upon an unmarked, unlighted vehicle blocking one lane of the interstate highway at night. In order to warn oncoming traffic of the hazard, the defendant driver stopped his tractor-trailer truck behind the unmarked, unlighted vehicle and turned on his emergency flashers. A police officer promptly arrived at the scene and then continued along the frontage road to bring his patrol car directly behind the disabled vehicle. The plaintiff, Stong, intoxicated at the time, came upon the scene and crashed into the rear of the truck driven by the defendant driver without ever having applied his brakes. It is important to emphasize that

the defendant truck driver had not created the emergency that required stopping his vehicle in the roadway. The Mississippi Supreme Court found that the defendant truck driver still had an obligation to place the flares, but the court also held that the driver had a reasonable time in which to do so. At issue there was how much time was a reasonable amount of time. The issue of whether a defendant who negligently creates an emergency that necessitates stopping in the roadway is entitled to a reasonable time to place flares was not presented in *Stong*. This Court concludes that the rationale enunciated in *Hankins*, and applied in *Anderson* and *Aetna* continues to correctly state Mississippi law.

This Court holds that Universal's driver was not entitled to a reasonable time to place flares if he parked his vehicle partly in the roadway due to an emergency of his own creation. Hauser objected to the inclusion of the reasonable time language, and therefore she preserved this error. Consequently, this Court reverses the judgment of the district court and remands this case so that it might be retried with appropriate instructions.

### C. *Negligence as a Matter of Law*

 Hauser contends that Universal was negligent as a matter of law. This Court disagrees. First, the testimony conflicted over whether Meadows allowed a portion of the rig to extend into the roadway. Second, it was up to the jury to determine whether Meadows was negligent when he continued to drive knowing about the faulty wheel bearing. On this record, this Court concludes that Hauser has failed to demonstrate negligence as a matter of law.

### III. CONCLUSION

This Court holds that the district court did not abuse its discretion in denying Hauser's motion for partial summary judgment. The order denying partial summary judgment is AFFIRMED.

This Court also concludes that the district court incorrectly instructed the jury that Meadows had a reasonable time to place flares regardless of whether Meadows' negligence created the emergency situation that allegedly necessitated stopping his vehicle in the roadway. For that reason, the judgment of the district court is reversed and the case remanded for further proceedings. Finally, Hauser has failed to demonstrate that Universal was negligent as a matter of law. The judgment of the district court is

REVERSED AND REMANDED.