KEITH *v.* YAZOO & M. V. R. Co.

(Division A.   Jan. 15, 1934.)

[151 So. 916.   No. 30978.]

See, also, 164 Miss. 566, 145 So. 227.

**Wynn, Hafter & Lake,** of Greenville, for appellant.

Burch, Minor & McKay, of Memphis, Tenn., and **Percy, Strauss & Kellner** and **Percy & Farish,** all of Greenville, for appellee.

Argued orally by **Jerome S. Hafter,** for appellant, and by **Ernest Kellner,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

Keith brought an action at law to recover damages for personal injuries sustained by him, and for the value of a motorcar wrecked in the collision in which he was injured. At the conclusion of the evidence of the appellant Keith, in the lower court, a peremptory instruction was granted for the appellee, Yazoo & Mississippi Valley Railroad Company.

Two propositions of law are submitted by the appellee, which, it contends, sustains the action of the lower court; First, that there was no negligence on the part of appellee; and, second, that the act complained of against the appellee was not the proximate cause of the injury of the appellant, Keith.

Keith, the appellant, was driving south on the public highway from Greenville to Wayside, Mississippi, which highway runs parallel with the right of way of the railroad company, and noticed ahead of him, across and enveloping the highway completely, a dense smoke, which arose from fire burning weeds, grass, and other organic matter on the right of way of the railroad company. The time was on an October morning, and the substances being burned were dry.

The evidence shows that the fire was set out by a foreman and crew of the railroad company in an effort to

burn the grass from the right of way, conceived to be for the protection of the railroad and its property. When Keith discovered that he could not see ahead of him because of the density of the smoke, he drove the truck to his right side of the highway, constructed of concrete, and, after stopping, he was suddenly struck by the motor-truck of one Grant Alexander, who was going north and driving through the dense smoke, without lights and without signaling; and thereby collided with the appellant, injured him, and badly wrecked his car. Both Keith and Alexander were thrown from their motorcars, the latter being "knocked out." Alexander says, in effect, that the smoke grew dense, he could not see ahead, and that he did not and could not see Keith; and that he was afraid to stop on account of having gasoline in the tank of his motortruck and the close proximity of the fire on either side of the highway.

The evidence shows that this combustible matter was set on fire on a "windy day." The smoke had enveloped the road for some time for a distance of from one-eighth to one-fourth of a mile, but just how long is not shown, and it might be inferred from the evidence that the railroad employees had been engaged along that right of way at other points in the same occupation.

■ Appellee contends that it was guilty of no negligence. Everything must be considered as proved which the evidence in the case establishes directly or by reasonable inference against the party who obtains a peremptory instruction. Dean v. Brannan, 139 Miss. 312, 104 So. 173.

The jury were warranted in finding that the fire producing the smoke was negligently set out on a windy day, that the fire was set to highly inflammable dry matter and in close proximity to a public highway, and that the smoke would be blown on and across the highway, causing thereby an effectual barricade. In this situation, we think a jury would be warranted in finding that the agent and employees of the railroad company might rea-

sonably foresee that some injury might result to those who had the right to travel the public highway at that and other points. So far as the record indicates, Keith was where he had a right to be, and the railroad agents and employees might have reasonably foreseen that a traveler thereon would more than probably be entrapped in dense smoke and lose his way, and some injury might ensue from blocking the railroad a distance from two hundred twenty to four hundred forty yards. Smoke is a gaseous substance; and when organic matter, highly inflammable, is set on fire, the actor must reasonably know that many unfavorable ills and injuries are likely to flow from fire and smoke at liberty on a windy day. The jury from all of these facts could and might infer negligence on the part of the actor.

It is insisted that the act of Grant Alexander in driving his motortruck without lights and without signaling, when he could not see the car of appellant, was the sole and proximate cause of the injury. Appellee relies on the case of Bufkin v. Louisville & Nashville R. Co., 161 Miss. 594, 137 So. 517, wherein a train was running in excess of the statutory limit as to speed, and because of the illegal speed, an intending passenger dashed through the crowd on the platform, knocked the plaintiff down, and injured him. The case came up on a demurrer to the declaration, which alleged that but for the illegal speed of the train, plaintiff would not have been injured, and would have had time to extricate himself from his place of danger. The court there held that the negligence of the railroad with reference to speed was not the proximate cause of the injury, but that the act of the passenger was.

The case at bar is wholly unlike that. Having established negligence on the part of the appellee in creating the fire and smoke, the injury received by the appellant was contributed to by that negligence, even if we say, for the sake of the argument, that Alexander was negligent in continuing to drive his car through the dense

smoke at a time when he could not see ahead of him. Assuming that to be true, the negligence of the railroad in creating the smoke on the public highway and that of Alexander co-operated to bring about the injury to the appellant—the dense smoke continued to be actively operative and Alexander continued driving his truck through it. Where the negligence of one party is established, and the negligence of the other party co-operates with the former, both are liable for damages which ensue therefrom. It is needless to cite authorities from our books on the proposition that both parties are liable where the negligence of two or more people concurrently bring about an injury to another. The case of Memphis Consol. Gas & Electric Co. v. Creighton et al. (C. C. A.), 183 F. 552, 555, is peculiarly apposite to the illustration of the doctrine we here apply. There the owner of a house was unable to cut off gas escaping therein, and telephoned and requested the gas company to send some one at once to remedy the matter, which the company promised to do, but delayed doing. The owner of the house thereupon undertook to find the leak in the gas pipe, and in so doing she lighted a match which caused an explosion of the accumulation of gas, tearing the lathes and plaster and undermining the floor of a nearby room in which Mrs. Creighton was sitting, thereby injuring her, and she sued the gas company for her injuries. The company defended on the ground that the negligence of the owner of the house in lighting the match and bringing it in contact with the gas was the proximate cause of the injury— that the injury resulted from the act of the owner of the house. In answer to this contention, the court said: "This might be so if it had been a supervening cause which rendered the first cause inoperative. The truth of the matter is that the causes of the injury were concurrent. The accumulation of the gas was one; the lighted match was the other. The effect of the former had not ceased, but co-operated with that of the other in effecting the injury. In such case an inquiry about the

proximate cause is not pertinent, for both are liable."
We also cite, as sustaining the doctrine which we have
here followed, the case of Cumberland Telephone & Tele-
graph Co. v. Woodham, 99 Miss. 318, 54 So. 890, and the
authorities there cited.

We are therefore of the opinion that the case should
have been submitted to the jury.

Reversed and remanded.