RODGERS, Justice.
This is an appeal from a judgment of the Circuit Court of Lamar County, Mississippi, in favor of the plaintiffs, William E. Way, and his minor children, Michael William Way, Robert Edward Way and Cynthia Sue Way, against The Merchants Company and William Issac Johns, Jr., for the death of Mrs. William E. Way as the result of an automobile accident. The accident occurred on Interstate Highway 59 on March 8, 1968, at a place about two (2) miles north of the Lumberton interchange in Lamar County, Mississippi.
The circumstances leading up to the accident may be summarized as follows: Along about 3:30 o’clock p. m., William E. Way was driving his 1966 Chevrolet two-door sedan automobile in a northerly direction on Interstate Highway 59 at a place about three (3) miles north of Lumberton, Mississippi. The deceased, Mrs. Mildred Way, sat on the front seat with her husband. Cynthia Sue Way rode upon the back seat of the automobile. The plaintiff, William E. Way, testified that as he “topped a hill” just north of the Lumberton exchange he was travelling at approximately sixty (60) miles per hour; that he was driving his vehicle in the north-bound traffic lane; that he observed smoke from a forest fire along the highway about two (2) miles in front of him; that he moved into the left passing lane so as to go through the smoke with the automobile of Mrs. Hollingshead to his right and not in front of him. He says he reduced his speed to forty-five (45) or fifty (50) miles per hour; that as he entered the smoke, he saw the outline of a trailer. He exclaimed “Oh! Oh!”, and applied his brakes; that the red lights or stop lights “came on” on the trailer, that the lights were not burning when he began to put on his brakes.
The testimony shows that the automobile operated by Mr. Way laid down rubber “skid marks” for a distance of fifty-seven (57) feet before the automobile ran into the back of the truck. Mrs. Way was instantly killed. The testimony shows that the truck had also stopped suddenly and it had laid down eighty-three (83) feet of rubber “skid marks” on the pavement.
William Issac Johns, Jr., the operator of the large trailer truck belonging to The Merchants Company, was called as an adverse witness. He testified that he stopped the truck in the left passing lane in the smoke-covered highway because as he approached the smoke there was an automobile going along about one-fourth (!4) mile in front of him. He testified that this vehicle was either a black late model Plymouth or Dodge. He stated that as he entered the smoke-covered area, he discovered that this automobile had stopped in his lane of traffic in the smoke; that he applied his brakes and was able to bring the large van-type truck and trailer to a stop before he struck the automobile.
Mrs. C. A. (Ginger) Hollingshead, a qualified nurse and the wife of a medical doctor was called as a witness for the defendants, and she testified that at the time of the accident she was operating a station wagon in the right traffic lane at the time the plaintiff was in the act of passing her on the smoke-covered highway. She testified that the back of the automobile driven by Mr. Way was “approximately at the level of my front end *280 when he went under the truck.” She said she was travelling at about fifty (50) or fifty-five (55) miles per hour and that the Way vehicle was travelling faster than she was travelling. She did not see the car strike the truck, but she heard it as she went by the truck. She had to travel some distance before she could move over to the shoulder of the road because “the fire was looping up over my (her) car.” She also testified that as she came out of the smoke she observed “a smaller type truck leaving the left lane going into the right lane out of the smoke.” She said “It looked like, you know, he’d been going real slow and he was just fixing to get off, — in second gear maybe and taking off or something.”
She testified that she did not see a black Plymouth or a black Dodge or any other car than the small truck going out of the smoke. She testified she did not notice lights on the large trailer truck. She stated that, from her training as a nurse, she thought Mrs. Way was dead when she examined her.
These are essentially the salient facts, but in addition to this evidence, the highway patrolman took many pictures of the motor vehicles, as they were situated after the accident, and also pictures of the skid marks on the pavement.
It is admitted that the truck driven by William Issac Johns, Jr., the defendant, stopped in the passing lane in a curtain of heavy smoke on an interstate highway. His reason given for stopping was that an automobile was stopped in front of him. He described the automobile. Mrs. Hol-lingshead saw a small truck drive out of the smoke, apparently in second gear, going slowly. On the other hand, the evidence shows that the plaintiff entered the smoke screen at a high rate of speed so that he could not stop when he saw the truck. The issue, therefore, is whether there was an automobile in front of the defendant’s truck or whether the speed of the automobile driven by plaintiff, William E. Way, was the sole proximate cause of the injury.
The appellees contends that the appellant truck driver should have put out flares to indicate that he was parked upon the highway in compliance with Section 8256, Mississippi Code 1942 Annotated (Supp.1968). We disagree with this contention because the operator of a motor vehicle has the right to stop, indeed it is his duty to stop before striking another vehicle or an obstruction on the highway. In the instant case, the testimony is uncon-tradicted and conclusive that there was a vehicle in the smoke in front of the defendant’s truck.
It is also contended that the operator of the large truck should have had his lights on to warn others in view of the danger under the surrounding conditions. It may be true that one driving in fog or smoke should turn on his lights as a precaution to warn others. In the instant case, however, the plaintiff Way saw the truck as soon as he entered the smoke and it is not shown that lights would have aided Mr. Way in seeing the truck before he entered the smoke. Moreover, the operator of appellant’s truck testified that he had his signal lights on and the pictures introduced show that the lights were on at the time the pictures were taken.
It is also contended by appellees that the appellant truck driver could have, and should have, parked his truck on the right or left shoulder of the road. In the first place, the testimony is conclusive that the truck driver could not have parked on the right shoulder without endangering persons and vehicles using the right-hand lane. The testimony shows that Mrs. Hollingshead could not park on the right side because the fire was “looping up” over her car. The appellant truck driver might have moved to the left shoulder, but there was fire there also, and it is apparent that the truck driver was not negligent in bringing his vehicle under control and to a stop in an area where he had *281 a right to travel and had a right to stop temporarily to prevent an accident. See Teche Lines, Inc. v. Danforth, 195 Miss. 226, 12 So.2d 784 (1943).
A careful examination of all the testimony in this case has convinced us that the trial court should have sustained the motion for a directed verdict in favor of the appellants, The Merchants Company and William Issac Johns, Jr. We are of the opinion that this case is controlled by Gartman v. Bush Construction Co., Inc., 227 So.2d 846 (Miss.1969).
This is another one of those sad cases where our sympathy goes out to people who have lost loved ones in highway accidents. This Court must, however, analyze the facts in each case objectively and apply the law impartially, to the end that all citizens may be guaranteed equal justice. We are convinced that the acts of appellant truck driver did not contribute to — nor were his acts the proximate cause of — the injury and death of Mrs. Way. We must, therefore, reverse the judgment of the trial court and enter a judgment here in favor of the appellants.
Reversed and rendered.
GILLESPIE, P. J., and JONES, BRADY and SMITH, JJ., concur.