GILLESPIE, Presiding Justice.
Mrs. Alice D. Turner (hereinafter plaintiff) sued Daniel J. Nicovich, Bradley Brothers, which is a corporation, Gulf Oil Corporation, Broome Construction Company, Inc., and Capitol Transport Company, Inc., in the Circuit Court of Lamar County for injuries sustained in a vehicular collision. The suit was non-suited as to Capitol Transport Company, Inc. Judgment was rendered in favor of plaintiff against Gulf only on the following comprehensive verdict returned by the jury:
1. We, the jury, find that Broome Construction Co., Inc., is free of any negligence by a unanimous vote.
2. We, the jury, find that Bradley Bros., Inc., is free of any negligence by a unanimous vote — let that also stand for the driver Daniel J. Nicovich.
3. We, the jury find that Gulf Oil Corp. is guilty of negligence as stated in the plead (sic) of the plaintiff by a unanimous vote.
4. We, the jury, find Mrs. Alice D. Turner guilty of some negligence by a unanimous vote.
*466 5. We, the jury, find or award to the plaintiff, Mrs. Alice D. Turner, a sum of $55,000.
Therefrom Gulf appeals. The judgment below is affirmed.
I.
Gulf contends that the trial court erroneously refused to instruct the jury that it was entitled to a verdict as a matter of law. With regard to deciding a case as a matter of law which necessitates a finding that the evidence was insufficient to establish a jury issue, the oft-announced rule is that this Court must view the evidence in the light most favorable to the party in whose favor the jury returned the verdict. We must consider as true all evidence favorable to the successful party and assume that the jury drew every permissible inference in reaching its verdict. All conflicts in the evidence are resolved in favor of the prevailing party and this Court may not consider any evidence favorable to the other party except that which is uncontradicted. The facts of the present case are recited with these observations as a guide, and the ultimate facts, not the evidence, are so stated.
Gulf, as operator of an oil refinery in Lamar County, Mississippi, had a contract with Broome whereby Broome performed maintenance and construction services for Gulf as were from time to time required. At 7:30 on the morning of February 7, 1968, upon Gulf’s request, Broome furnished one of its employees, Edwin Hendrix, to assist Gulf in the burning of a wooded area south of Black Creek, west of U. S. Highway 11 and near Gulf’s refinery. Hendrix reported to W. E. Lott, a foreman or supervisor for Gulf; as instructed by Lott, Hendrix went with Lott to the northwest corner of the one hundred acre tract where both of them proceeded to set fire to the woods at several points. About 8:30 a. m. both Lott and Hendrix departed, leaving no one in charge of the burning woods which were separated from the adjacent woodlands by several roads and Black Creek. At 10:00 a. m. the wind was blowing from the northwest at ten miles per hour and the fire had reached that part of the woods bordering U. S. Highway 11. Dense clouds of smoke were crossing the highway.
About 10:15 a. m. the Bradley Brothers truck was traveling south on Highway 11 when its driver Nicovich observed the smoke about a quarter of a mile before arriving at Black Creek. At times he could see through it but some gusts of smoke were too dense to enable him to see ahead. Nicovich was proceeding behind a tank truck purportedly owned by Capitol Transport Company. Both trucks entered the area of the smoke at a speed of twenty miles per hour. After Nico-vich had progressed a distance of about one hundred feet in the smoke, the vehicle driven by plaintiff collided with the rear of his truck. Plaintiff saw the smoke as she approached Black Creek at a speed of sixty to sixty-five miles per hour. She turned her lights on and released the pressure of the accelerator which slowed her vehicle to some extent. As she entered the smoke area a dense blanket of black smoke enveloped her car; thereafter she was unable to remember what transpired.
An official of the Mississippi Forestry Commission stated that the day of the accident was unsuitable for burning woods according to that day’s fire danger rating which was ascertained by computing such matters as wind velocity, relative humidity, temperature, and ground moisture conditions. Neither Gulf nor Broome contacted the Forestry Commission before setting the fire.
The contention that Gulf was entitled to a verdict as a matter of law is based on several separate grounds.
A. Gulf maintains that the exoneration of Broome by the jury is likewise an exoneration of Gulf with whom Broome had contracted to burn the woods since the jury must find Broome liable before it could render a verdict against Gulf. The *467 decisions of when to burn the woods and where to set the fires were made by Gulf whose foreman Lott not only directed Broome’s employee • Hendrix but who personally assisted in igniting the fires. Thus, the firing of the woods was the direct act of Lott, Gulf’s employee. Moreover, even if only liable vicariously because of the acts of Broome’s employee, Gulf could not take advantage of the exoneration of Broome. In Gulf Refining Co. v. Myrick, 220 Miss. 429, 71 So.2d 217 (1954), the jury exonerated Gulf’s truck driver yet rendered a verdict against Gulf based on the negligence of said truck driver; the judgment against Gulf was affirmed.
B. Gulf asserts that the sole proximate cause of the accident was the negligence of plaintiff. Plaintiff was negligent, and the jury specifically so found. We are of the opinion that the authorities cited by Gulf do not sustain its position that plaintiff’s negligence was the independent, intervening, sole cause of the accident. In our opinion Gulf was negligent and that its negligence was a concurrent contributory cause to the accident. Keith v. Yazoo & M. V. R. Co., 168 Miss. 519, 151 So. 916 (1934). In the recently decided case of Merchants Co. v. Way, 235 So.2d 278 (Miss.1970), suit was brought for the wrongful death of Mrs. Way against Merchants Company, owner of a truck, into the rear of which Mrs. Way’s husband collided, resulting in the death of Mrs. Way. The accident, which occurred in smoke from burning woods, was similar to the present one. In that case this Court reversed the judgment against Merchants Company and held that the sole proximate cause of the accident was the negligence of Mr. Way. In the Way case, only the Merchants Company was sued, without joining the party, if any, responsible for the woods being ablaze. The Court found as a matter of law that Merchants Company was not guilty of negligence; thus the sole proximate cause of the accident was Mr. Way, so far as that suit was concerned.
C. Gulf further argues that neither Broome nor Gulf was negligent in setting the woods on fire. Gulf asserts that the fire was ignited at a time when the wind was not blowing, the grass and other material were moist, and nothing revealed that wind or other factors which might affect the safety of burning the woods could have been anticipated. The basis of this argument is invalid. Neither Gulf nor Broome called the Forestry Commission at its station only nine miles away or the weather bureau to determine whether the day was suitable for burning woods. They did not wait until later in the day to determine what wind conditions would develop. The Texas case cited, if in point, must yield to our own case of Keith v. Yazoo & M. V. R. Co., supra, wherein the Court said:
The jury were warranted in finding that the fire producing the smoke was negligently set out on a windy day, that the fire was set to highly inflammable dry matter and in close proximity to a public highway, and that the smoke would be blown on and across the highway, causing thereby an effectual barricade. In this situation, we think a jury would be warranted in finding that the agent and employees of the railroad company might reasonably foresee that some injury might result to those who had the right to travel the public highway at that and other points. (168 Miss. at 523, 524, 151 So. at 917).
D. Gulf also maintains that it was entitled to judgment as a matter of law because if liability exists, then Broome is primarily responsible. This argument is founded upon the assertion that Broome was an independent contractor responsible for burning the woods, and that Lott in assisting Hendrix in setting out the fire was a loaned employee of Broome. There is no merit in this argument. Hendrix, Broome’s employee, was a laborer with instructions to do what Lott, Gulf’s foreman, directed him to do. Lott controlled Hen *468 drix in burning the woods. Broome s employee was not independent of Gulf nor was Lott a loaned employee of Broome.
II.
Gulf assigns as error the action of the trial court in not admitting in evidence the contract between Gulf and Broome, which was introduced and admitted for identification only. By its terms Broome contracted to perform as an independent contractor maintenance services as required by Gulf. It should be noted that on this appeal Gulf named Broome as an appellee and that Broom filed a brief as an appel-lee. Gulf contends that the judgment either should be corrected to render it joint and several against Gulf and Broome, or corrected to reverse and render as to Gulf, or that the case should be remanded for a new trial. No authority is brought forward in support of this argument. This is a personal injury suit sounding solely in tort. Gulf attempts to create a contractual issue between it and Broome based on the therein contained indemnity clause. We hold that the court correctly refused to admit the contract in evidence.
III.
Gulf maintains that the verdict of $55,000 is grossly excessive. The demand was for $110,000. Plaintiff, who was forty-seven years of age at the time of her injury, sustained serious injuries to her lungs and suffered multiple rib fractures, a crushed chest wall, a fracture of the right thigh, deep lacerations of the forehead and an injury to her ankle. She developed pneumonia, atelectasis of the lungs and other respiratory difficulty necessitating a tracheostomy. She had an operation upon her leg, stayed in the hospital forty-nine days and will require one additional operation. Her medical bills to date of trial amounted to $7,921.78 despite the prospect of an additional operation. Plaintiff has a twenty-five percent permanent impairment of the lower right extremity. Plaintiff, a licensed practical nurse with an earning capacity of $285 to $350 per month, was at the time of the trial still unable to return to work. Her injuries were such that testimony reveals that she would have in all probability died at the scene except for the services of Dr. Lloyd L. Broadus of Purvis, Mississippi, who immediately responded to a call for assistance. Since plaintiff’s chest wall was crushed, she was unable to breathe and had turned blue. The doctor manipulated her body to allow her breathing to be restored. We cannot say that the damages are so grossly excessive as to justify intervention by this Court, notwithstanding plaintiff’s contributory negligence.
We have carefully considered the other questions raised in Gulf’s brief. Having reviewed the record as a whole and the arguments of counsel, we find no reversible error.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.