## 27529. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. MARTIN.

UNDERCOFLER, Justice. This case is here on certiorari from the Court of Appeals. Beverly Ann Martin filed a complaint seeking recovery for injuries she sustained when the automobile in which she was a passenger collided with a telephone pole constructed and maintained by Southern Bell Telephone & Telegraph Company in the City of Atlanta. The complaint was filed against the driver of the vehicle, the owner of the vehicle, and Southern Bell. This appeal involves the sole question of whether the trial judge properly granted Southern Bell's motion for summary judgment. The Court of Appeals held that the motion for summary judgment should not have been granted and reversed the trial court. A full statement of the facts appears in *Martin v. Southern Bell Tel. & Tel. Co.,* 126 Ga. App. 809 (192 SE2d 176).

As a part of its motion for summary judgment, Southern Bell attached certain ordinances of the City of Atlanta granting it a franchise to use its streets and to construct, operate and maintain telephone and telegraph lines, including the erection of poles. The ordinance provides: "That the work of erecting poles, and constructing subways shall be done under the supervision of the city electrician, or the street committee, or such other person or persons as the city council may designate." *Held:*

1. The owner of a telephone pole is not liable for its alleged negligent placement in a public road right of way where such pole is located with the approval of the county or municipal authorities and does not obstruct or

interfere with the ordinary use of the public highway. In our opinion this is the intent of *Code* § 104-205. It specifically grants to telephone companies the right to locate their lines ". . . upon, under, along, and over the public highways of this State, with the approval of the county or municipal authorities in charge of such highways . . ." The City of Atlanta in 1907 granted to Southern Bell Telephone & Telegraph Company the right to construct, operate and maintain its lines and provided, "That the work of erecting poles . . . shall be done under the supervision of the city electrician, or the street committee, or such other person or persons as the city council may designate." However, the city may also acquiesce in the location of the poles. As stated in *South Ga. Power Co. v. Smith,* 42 Ga. App. 100 (2) (155 SE 80), "Since the city could have lawfully authorized the erection ·of the poles in the middle of the street, the acquiescence by the city, in the maintenance of the poles in the middle of the street, although they had originally been erected there by the power company in violation of the restriction placed by the city on the manner of their erection, amounts to a waiver by the city of the restriction which it had imposed upon the power company, and the maintenance by the power company of the poles in the middle of the street, while acquiesced in by the city, and where otherwise not unlawful, does not, as to persons lawfully using the street, constitute negligence as a matter of law." Thus it cannot be said that the pole was negligently located by the telephone company. See *Townsend v. Ga. Power Co.,* 44 Ga. App. 132 (160 SE 712).

*Code* § 104-205 also provides, "that the posts, arms, insulators, and other fixtures of such lines be so erected, placed, and maintained as not to obstruct or interfere with the ordinary use of such . . . public highways . . ." The evidence is clear here that the pole was located behind a curb line which delineated the ordinary use of the road by vehicular traffic. The evidence further showed that if the vehicle in which the plaintiff was riding had

remained on the paved portion of the road and within the curb, it would not have struck the pole. See *Lenderman v. Haynie,* 89 Ga. App. 513 (80 SE2d 216); *Southern Bell Tel. & Tel. Co. v. Spears,* 212 Ga. 537 (93 SE2d 659).
We think our conclusion as to the intention of *Code* § 104-205 is further supported by *Code* § 69-304 which states, "Without express legislative authority, a municipality may not grant to any person the right to erect or maintain a structure or obstruction in a public street."
2. Under certain circumstances, it has been held that the failure to properly maintain utility poles may create an inherently dangerous situation and may result in liability. *Lenderman v. Haynie,* 89 Ga. App. 513, supra. We hold, however, that the failure to provide warning signs, lights, guardrails, crash cushions and breakaway type poles would not create an inherently dangerous situation.
3. The motion for summary judgment made by Southern Bell was properly granted by the trial judge.
4. The motion to dismiss the application for the writ of certiorari in this case is denied.
*Judgment reversed. All the Justices concur.*
ARGUED NOVEMBER 14, 1972—DECIDED DECEMBER 4, 1972—
REHEARING DENIED DECEMBER 20, 1972.

*Harry S. Baxter, William W. Cowan, A. Stephens Clay,* for appellant.
*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon, Jule W. Felton, Jr., Powell, Goldstein, Frazer & Murphy, Daryll Love,* for appellee.
*Bouhan, Williams & Levy, George W. Williams, Leamon R. Holliday, III, Joe M. Harris, Jr., Trotter & Duncan, William P. Trotter, Henry L. Bowden, Edwin L. Sterne, Tisinger & Tisinger, Robert D. Tisinger, Carl E. Sanders, Allen E. Lockerman, Robert L. Pennington,* amicus curiae.