49646. GEORGIA POWER COMPANY v.
ZIMMERMAN et al.
49647. GEORGIA POWER COMPANY v. WETZEL et
al.
49648. GEORGIA POWER COMPANY v.
ZIMMERMAN.

Bell, Chief Judge.

These cases concern Georgia Power's liability for an automobile collision with its utility pole. The defendant moved for summary judgments which were denied. A certificate of review was issued.

The facts are not in dispute. The deceased husband of plaintiff Zimmerman was driving his automobile along Columbia Drive in Decatur, Georgia late at night in foggy weather. Plaintiff Zimmerman and her mother, the other plaintiff in these cases, were passengers in the vehicle. Near the point of impact, Columbia Drive curves to the right in the direction of travel of the vehicle involved here. The car missed the curve and proceeded to the left across the opposite lane. At this point and to the driver's left South Columbia Lane intersects Columbia Drive. The auto struck the pole which was located on the opposite side of South Columbia Lane at about the corner of this intersection. As a result of the collision, the driver was killed and the passengers were injured. The pole was located seven inches outside the curb line which outlined the road for the ordinary use of vehicular traffic. It had been placed there by defendant pursuant to a franchise granted it by the City of Decatur. The city had mounted a reflectorized sign on the pole and it was also lighted. *Held:*

Defendant contends that *Southern Bell Tel. & Tel.*

*Co. v. Martin,* 229 Ga. 881 (194 SE2d 910) controls this case. In *Martin* the Supreme Court held: "The owner of a telephone pole is not liable for its alleged negligent placement in a public road right of way where such pole is located with the approval of the county or municipal authorities and does not obstruct or interfere with the ordinary use of the public highway. In our opinion this is the intent of Code § 104-205." The Supreme Court also noted that its conclusion as to the legislative intention of Code § 104-205 is further supported by Code § 69-304 which states "Without express legislative authority, a municipality may not grant to any person the right to erect or maintain a structure or obstruction in a public street." This latter provision is not limited to a telephone company. The City of Decatur granted the defendant a franchise to locate the pole at least in this general area. Code Ann. § 69-310 (e) expressly authorizes a municipality the power to grant franchises to "electric light or power companies, . . . for the use and occupancy of the streets of the city for the purpose of rendering utility services, upon such conditions and for such time as the governing authority of the municipality may deem wise; subject to the Constitution and the general laws of the State of Georgia." Therefore, the City of Decatur had express authority to grant the franchise to defendant to place the pole in this location. There appears to be no logical basis to distinguish the *Martin* case from this one simply because of the difference in the type of public utility involved nor do we believe that the General Assembly had the intention to insulate only a telephone or telegraph utility from liability for alleged negligent placement of a pole. The plaintiffs argue that the provision in Code Ann. § 69-310 (e) granting authority to a municipality to authorize the utility the use of the streets is "subject to the Constitution and the general laws of the State of Georgia" and that the general laws require persons and entities to answer in damages for the result of their negligence and therefore there is no legislative intent to immunize a power company. While the *Martin* case dwelled upon the intention of Code § 104-205, which admittedly does not apply to a power company, the holding is that there can be no liability for alleged

negligent pole placement as long as the municipality has approved and so long as the pole does not interfere with the ordinary use of the public highway. As long as this can be shown, it is consistent with the Constitution and general laws of the state. The Supreme Court also cited with approval our decision in *South Ga. Power Co. v. Smith,* 42 Ga. App. 100 (155 SE 80). In the *Smith* case the municipality did not authorize the location of poles of South Georgia Power Company in the middle of the street, yet the municipality acquiesced in their location and the maintenance of the poles "while acquiesced in by the city, and where otherwise not unlawful, does not, . . . constitute negligence as a matter of law." Here, while it cannot be said from the evidence that the City of Decatur clearly and specifically decided on the exact location of this particular pole, it is undisputed that after its erection the city placed a reflectorized warning sign on the pole. From this it can be stated that the city acquiesced in its location. As the evidence is without dispute that the pole was placed with municipal approval and does not obstruct or interfere with the ordinary use of the roadway, the defendant power company cannot be found liable as a matter of law. It was error to deny the motions for summary judgment. We reverse with direction to the trial court to grant the motions for summary judgment and enter judgments for the defendant.

*Judgments reversed with direction. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED JANUARY 13, 1975 — REHEARING DENIED JANUARY 30, 1975 —

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., James C. Rawls,* for appellees.