65498, 65499. KICKLIGHTER et al. v. SAVANNAH
TRANSIT AUTHORITY et al.; and vice versa.

SOGNIER, Judge.

Robert Kicklighter and his parents, Remer M. and Lilla Mae Kicklighter, sued the Savannah Transit Authority, bus driver, Horace E. Ginn, Savannah Electric & Power Company (SEPCO), and the Mayor and Aldermen of the City of Savannah (the City) for personal injury and loss of services. Robert Kicklighter was injured when his arm, which was propped in an open bus window, was apparently wedged between the bus window frame and a power pole. The pole was installed by SEPCO in 1956 under franchise agreements with the City, and was located six inches outside the curb line of the street. The trial court granted motions for summary judgment filed by SEPCO and the City. The Kicklighters appeal. Savannah Transit Authority and Ginn cross-appeal the granting of motions to dismiss their cross-claims against SEPCO and the City.

1. Appellants contend that the trial court erred in granting SEPCO's motion for summary judgment because genuine issues of material fact exist as to whether SEPCO was negligent in failing to anticipate that persons using the street might be injured by the pole. The applicable legal standard is recited in *Ga. Power Co. v. Zimmerman,* 133 Ga. App. 786 (213 SE2d 12) (1975), which extends the holding in *Southern Bell Tel. &c. Co. v. Martin,* 229 Ga. 881 (194 SE2d 910) (1972) to include electric light and power companies: The owner of a utility pole is not liable for its alleged negligent placement in a public road right of way where such pole (1) is located with the approval of the county or municipal authorities and (2) does not obstruct or interfere with the ordinary use of the public highway. *Zimmerman,* supra at 787. While it appears that the evidence of municipal acquiescence in the location of the pole is undisputed (see *Martin,* supra at 882; *Callaway v. Central Ga. Power Co.,* 43 Ga. App. 820, 821 (3) (160 SE 703) (1931); *South Ga. Power Co. v. Smith,* 42 Ga.

App. 100, 101 (2) (155 SE 80) (1930)), we believe appellants have raised a question of fact as to whether the location of the pole obstructs or interferes with the ordinary use of the street. The evidence showed that the wheels of the bus never left the paved portion of the road and stayed within the curb, and that the bus was going forward when the accident occurred. While there was no evidence that the chassis of the bus came into contact with the pole, nevertheless, appellant's arm, propped in the bus window, did.

Appellants offered expert opinion testimony in the affidavit of a professional traffic engineer who stated the following on the basis of his personal observations of the accident site: "The crown of the road is sufficiently higher than the gutter to cause exaggerated leaning of a large vehicle approaching the intersection in the right-hand lane, to the extent that the top of the vehicle could touch the power pole without the bottom of the vehicle touching the power pole, as evidenced by the fact that approximately one inch of wood of the power pole approximately seven to seven and a half feet above the ground level on the street side is scraped away." A SEPCO employee confirmed in a deposition that the pole had been scraped by passing vehicles and that such scraping was not at all uncommon.

Appellee-SEPCO contends that the affidavit of appellants' expert need not have been considered by the trial court because it contained conclusory and irrelevant statements. Pretermitting the admissibility of all other statements in the affidavit, the statement quoted above was an inference of fact drawn from data observed by the expert and as a factual opinion rather than a legal conclusion, was admissible. See generally *Security Life Ins. Co. v. Blitch,* 155 Ga. App. 167, 170 (6) (270 SE2d 349) (1980); *Erwin v. Gold Kist, Inc.,* 146 Ga. App. 372, 373 (246 SE2d 404) (1978). Further, the statement was relevant because it raised the inference that the proximity of the pole to the street coupled with the slant of the street could cause large vehicles such as buses to come dangerously near or brush up against the pole. On motion for summary judgment, this bare inference of negligence (see *Lenderman v. Haynie,* 89 Ga. App. 513, 519 (2) (80 SE2d 216) (1954)) must be construed most favorably to appellants as the nonmoving parties. *Tipton v. Harden,* 128 Ga. App. 517, 519 (4) (197 SE2d 746) (1973).

In *Lenderman,* supra, this court held that facts similar to those in the instant case were sufficient to raise a jury question as to whether a pole obstructed or interfered with traffic. In that case, it was alleged that "[t]he pole was located on the sidewalk, against the curb, and within six inches of the traveled portion of the street, so close that vehicles such as school buses, trucks, and late-model

automobiles, which have bodies extending beyond the wheels for more than six inches, could strike the pole while the wheels of such vehicles were in the traveled portion of the street." Id. at 519 (2) - 520.

Evidence in the instant case raised a question of fact as to whether SEPCO's pole obstructed or interfered with the ordinary use of the public highway and the trial court erred in granting SEPCO's motion for summary judgment.

2. Appellant contends that the trial court erred in granting summary judgment in favor of the City on the issue of negligence because questions of fact remain as to whether the City breached its duty to maintain its streets in a reasonably safe condition. Appellee-City asserts that it granted the franchise to SEPCO as an exercise of its legislative powers for which it cannot be held liable under OCGA § 36-33-1 (Code Ann. § 69-301). However, we need not decide this question, as the City's claim of governmental immunity is not the issue. The issue instead is the liability of the City for the alleged defect in a public road in its municipal street system. See OCGA § 32-4-93 (a) (Code Ann. § 95A-505).

"Municipalities themselves primarily are responsible for the safe condition of the public roads of the municipal street system . . . with liability limited to negligence arising from constructing and maintaining the streets where there is actual notice of or existence of negligence for such a length of time that notice thereof may be inferred, [OCGA § 32-4-93 (a) (Code Ann. § 95A-505)]. The 'defects in its streets' for which a municipal corporation may be held liable under the provision of this code section (and its predecessor) have been held to include objects adjacent to, and suspended over, the municipality's streets and sidewalks, the presence of which renders the use of these thoroughfares more hazardous. [Cits.]" *Richards v. Mayor &c. of Americus,* 158 Ga. App. 693, 694 (282 SE2d 122) (1981). In Division 1 above, we determined that an issue of fact exists as to whether the pole obstructed or interfered with the ordinary use of the street. Accordingly, we find a question of fact remains as to the existence of a defect in the street for which the City may be liable if it had notice thereof. No evidence appears in the record showing actual notice of the defect prior to appellant's accident. Nevertheless, evidence that the pole was maintained in the same location for 24 years and that it bore scrape marks from passing vehicles was sufficient to raise a fact question of implied notice. See OCGA § 32-4-93 (a) (Code Ann. § 95A-505).

" 'Questions of negligence and diligence are generally for determination by the jury; and where a suit is brought against a municipality, as in the instant case, for injuries . . . alleged to have been brought about by the existence of an obstruction in a public

street of the municipality which was not shown to have been placed there by the city, the issue of whether or not, where no actual notice of the obstruction is shown, it had existed for a sufficient length of time to charge the city with negligence in failing to discover and remove the same, should be generally left to the determination of the jury.' [Cits.]" *City of Bainbridge v. Cox,* 83 Ga. App. 453, 455 (64 SE2d 192) (1951). The trial court therefore erred in granting summary judgment in favor of the City on the issue of negligence.

3. Appellants also contend that the trial court erred in granting summary judgment in favor of the City on the issue of nuisance because the evidence raises questions of fact for the jury. Appellees assert that the issue is controlled by *Townsend v. Ga. Power Co.,* 44 Ga. App. 132 (160 SE 712) (1931), a case with similar although distinguishable facts, in which a trolley car pole was held not to be a nuisance. However, the appropriate standards for determining a municipality's liability for nuisance are found in *City of Bowman v. Gunnells,* 243 Ga. 809 (256 SE2d 782) (1979).

If a municipality is to be held liable under a theory of maintaining a nuisance, "there must be the *maintenance* of a dangerous condition on a *continuous* or *regular* basis over a period of time in which no action or inadequate action is taken to correct the condition after knowledge thereof." (Emphasis original.) *City of Bowman,* supra at 810. "[I]f the municipality did not perform an act creating the dangerous condition, such as installing and maintaining a defective traffic signal as in *Town of Ft. Oglethorpe v. Phillips,* supra, [224 Ga. 834 (165 SE2d 141) (1968)] the failure of the municipality to rectify the dangerous condition must be in violation of a duty to act. [Cits.]" *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419, 426-427 (3i) (249 SE2d 224) (1978). The municipality must either have knowledge "or be chargeable with notice of the dangerous condition. . . ." Id. at 426 (3i). See also *Horton v. City of Atlanta,* 159 Ga. App. 832, 834 (285 SE2d 210) (1981); *Stanley v. City of Macon,* 95 Ga. App. 108, 110 (2)-111 (97 SE2d 330) (1957).

As discussed in Division 2 above, the City was under a statutory duty to maintain its streets in a safe condition. See OCGA § 32-4-93 (a) (Code Ann. § 95A-505). Undisputed evidence showed the existence of the pole which caused the injury in the same location for a period of 24 years over which it sustained scrape marks from passing vehicles using the roadway. While there was no evidence of actual knowledge, the evidence was sufficient to charge the City with notice of the dangerous condition.

"Under some factual situations, it can be held as a matter of law that no nuisance exists, however, that question ordinarily is a question of fact for the jury. [Cits.]" *Mayor &c. of the City of*

*Savannah v. AMF, Inc.,* 164 Ga. App. 122, 123 (295 SE2d 572) (1982). As the evidence in the instant case was sufficient to raise a jury question, the trial court erred in granting summary judgment in favor of the City on the issue of nuisance.

4. We need not discuss the cross appeals of Savannah Transit Authority and Ginn, in which it is contended that the trial court erred in dismissing the cross-claims against SEPCO and the City. The trial court's orders granting the motions to dismiss of SEPCO and the City provided that the granting of the motions for summary judgment in favor of those parties was determinative of cross-appellants' claims against them. Since we hold that the motions for summary judgment were erroneously granted and are reversed, this has the effect of reversing the motions to dismiss.

*Judgments reversed. Quillian, P. J., and Pope, J., concur.*

Decided July 8, 1983 —
Rehearing denied July 22, 1983 — 

*R. Kran Riddle, Walter W. Ballew III,* for appellants (case no. 65498).

*John T. Woodall, William W. Shearouse, Jr., Sam P. Inglesby, Jr., James B. Blackburn,* for appellees.

*Michael D. Usry, John T. Woodall,* for appellants (case no. 65499).

*William W. Shearouse, Jr., Sam P. Inglesby, Jr., R. Kran Riddle,* for appellees.