70596. GEORGIA POWER COMPANY v. COLLUM.
(334 SE2d 922)

CARLEY, Judge.

Appellee Collum initiated the instant personal injury action, naming appellant Georgia Power Company and Jeffrey Bergmann as defendants. Appellee was injured when the vehicle that Mr. Bergmann was operating left Roswell Road and struck a "down" guy wire securing appellant's utility pole. The impact caused the wooden support utility pole to break. The broken pole, in turn, caused an attached "span" guy wire to fall across the roadway. A van driven by appellee struck the fallen "span" guy wire, causing injuries to appellee. In his complaint, appellee set forth a negligence theory of recovery against Mr. Bergmann. As against appellant, the complaint set forth theories of negligence and strict liability. Among the allegations of appellee's complaint were assertions that appellant had been negligent in the following respects: placement of the wooden support pole and, the down guy in close proximity to the roadway; failure to inspect, maintain, discover and replace the wooden support pole which was in a weakened and deteriorated condition; failure to install a reflective covering on the span guy; and use of a wooden support pole, down guy and span guy lacking in sufficient strength to withstand foreseeable forces.

Appellant filed a motion for summary judgment, which motion was denied. The trial court issued a certificate of immediate review, and this court granted appellant's application for interlocutory appeal.

1. In the context of the instant case, appellant is not being sued as the manufacturer of any defective personal property sold as new property. Accordingly, OCGA § 51-1-11 is inapplicable and appellee

has no strict liability claim. "A power company is charged with the duty of exercising *ordinary care* in the construction and maintenance of its wires, poles, transformers and equipment." (Emphasis supplied.) *Collins v. Altamaha Elec. &c. Corp.*, 151 Ga. App. 491-492 (260 SE2d 540) (1979).

2. In *Southern Bell Tel. &c. Co. v. Martin*, 229 Ga. 881-882 (194 SE2d 910) (1972), the Supreme Court held: "The owner of a telephone pole is not liable for its alleged negligent placement in a public road right-of-way where such pole is located with the approval of the county or municipal authorities and does not obstruct or interfere with the ordinary use of the public highway. In our opinion this is the intent of [OCGA § 46-5-1]. It specifically grants to telephone companies the right to locate their lines '. . . upon, under, along, and over the public highways of this State, with the approval of the county or municipal authorities in charge of such highways . . .'" In *Ga. Power Co. v. Zimmerman*, 133 Ga. App. 786 (213 SE2d 12) (1975), the applicability of this principle of non-liability for utility pole placement was extended to power companies.

In the instant case, it is clear that appellant's pole did not obstruct or interfere with the *ordinary* use of Roswell Road. "[T]he pole was located behind a curb line which delineated the ordinary use of the road by vehicular traffic. The evidence further showed that if the vehicle in which [Mr. Bergmann] was riding had remained on the paved portion of the road and within the curb, it would not have struck the pole. [Cits.]" *Southern Bell Tel. &c. Co. v. Martin*, supra at 882-883. Compare *Kicklighter v. Savannah Transit Auth.*, 167 Ga. App. 528 (1) (307 SE2d 47) (1983). " 'Ordinary use' of the public streets and highways contemplates use as provided by law. Stated another way, when the public streets and highways are used in such a manner as to violate the law, such use is not 'ordinary.'" *Southern Bell Tel. &c. Co. v. Scogin*, 136 Ga. App. 318, 319 (221 SE2d 203) (1975).

Appellee asserts, however, that appellant failed to prove that the location of its pole had been approved by any county or municipal authority and that, for this reason, summary judgment was properly denied. The record does reveal that the only evidence submitted by appellant was that its pole had been "properly located" in accordance with certain rules and regulations promulgated by the Department of Transportation (DOT). Appellant's proof in this regard was uncontradicted. Accordingly, the first issue for resolution is whether appellant's evidence in this regard was sufficient to show such official jurisdictional "approval" of a utility pole's location as is contemplated under the principle of non-liability enunciated in *Southern Bell Tel. &c. Co. v. Martin*, supra.

OCGA § 32-6-174 authorizes DOT to promulgate those regula-

tions pursuant to which appellant's evidence shows that it located its pole and wires. By its terms, however, OCGA § 32-6-174 relates to DOT's regulatory authority over utility equipment and appliances "in, on, along, over, or under any part of the *state highway system* . . ." (Emphasis supplied.) It does not appear that appellant has produced any evidence indicating that the portion of Roswell Road where the pole and wire were located is in fact a part of the "state highway system," as opposed to a part of a "county road system" or a "municipal street system." See OCGA § 32-4-1. If the relevant portion on Roswell Road is not a "state highway," appellant would not necessarily be entitled to summary judgment based upon its compliance with DOT's regulations, assuming the possibility exists that a more restrictive standard for utility pole and wire placement may have been promulgated by the municipal or county authority having jurisdiction. However, this remaining possibility is likewise negated by appellant's evidence. OCGA §§ 32-4-42 (6) and 32-4-92 (10) establish that neither a county's nor a municipality's regulations regarding utility pole and wire placement along and over the roads under its jurisdiction may be more restrictive than those that are promulgated by DOT with reference to the state highway system. Accordingly, regardless of whether Roswell Road is in fact a state highway, a county road or a municipal street, appellant's evidence of its compliance with DOT's regulations demonstrates, either explicitly or implicitly, the requisite jurisdictional "approval" of the location of its pole and wires.

Thus the evidence of record shows that appellant's utility pole did not obstruct or interfere with the ordinary use of Roswell Road *and* that its location satisfied whatever jurisdictional approval requirements might possibly be applicable. In addition, it has been held, as a matter of law, that "the failure to provide warning signs, lights, guardrails, crash cushions and breakaway type poles would not create an inherently dangerous situation." *Southern Bell Tel. &c. Co. v. Martin*, supra at 883. It follows that appellant is not liable in negligence for the placement of its pole and wires and for Mr. Bergmann's act of striking the pole. *Ga. Power Co. v. Zimmerman*, supra; *Southern Bell Tel. &c. Co. v. Scogin*, supra. Compare *Lenderman v. Haynie*, 89 Ga. App. 513 (80 SE2d 216) (1954) (no evidence of jurisdictional "approval"); *Collins v. Altamaha Elec. &c. Corp.*, supra (pole struck in the ordinary and usual course of farm operations, specifically distinguishing cases involving poles safe from ordinary danger of collision from vehicles on the highway).

3. The remaining issue is whether the absence of any actionable liability in negligence with regard to the pole's location entitled appellant to summary judgment as to the entirety of appellee's claim. As noted above, appellee has also asserted that appellant is liable for

the consequences of Mr. Bergmann's act, insofar as the complaint alleges that the pole was negligently maintained.

In *Lyons v. Ga. Power Co.*, 78 Ga. App. 445 (51 SE2d 459) (1949), it was alleged that the negligent maintenance of a utility pole was a concurrent proximate cause of an injury which resulted from the pole being struck. This court held: "We think that the causal connection between any negligence of [the utility company] and the injuries was broken by the intervening act [of the driver], and that [the utility company] would not be responsible for the consequences resulting therefrom. The act of driving the automobile into the pole at a high rate of speed was not a natural consequence which followed the original act of the [utility company] complained of, [negligent maintenance,] in the usual, ordinary and experienced course of events; but the occurrence was more in the nature of an extraordinary coincidence or conjunction of circumstances. 'It is not intervening *consequences*, but intervening *causes* which relieve.' [Cit.] 'The true rule seems to be that in determining the proximate cause the injury must be the natural and probable consequence of the negligent act complained of, and such a consequence as under the circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from his act.' [Cit.]" (Emphasis in original.) *Lyons v. Ga. Power Co.*, supra at 449. See also *Stallings v. Ga. Power Co.*, 67 Ga. App. 435 (20 SE2d 776) (1942).

It is thus clear that if a pole is struck and breaks solely as the result of "a separate and independent act" of another in which the utility company's negligence is not a causal factor, then the alleged negligent maintenance of the pole would not be a proximate cause of the resulting injuries. *Mathews v. Ga. Power Co.*, 175 Ga. App. 441 (333 SE2d 631) (1985). Under those circumstances, the negligently-maintained-but-standing pole would evince only the non-actionable condition upon which the independent act operates. " ' "A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause." [Cit.]' " *Whitaker v. Jones, McDougald, Smith, Pew Co.*, 69 Ga. App. 711, 715-716 (26 SE2d 545) (1943). The evidence of record demonstrates that the pole was struck and snapped and the wires fell, not as the direct result of any negligent maintenance of the pole, but solely because Mr. Bergmann left the roadway and struck the non-negligently located pole. See *Postal Telegraph-Cable Co. v. Kelly*, 134 Ga. 218 (67 SE 803) (1909); *Higginbotham v. Rome R. &c. Co.*, 23 Ga. App. 753 (99 SE 638) (1919);

*Mathews v. Ga. Power Co.*, supra. There being no liability *to* Mr. Bergmann for his separate and independent act of striking appellant's pole, appellant is not liable *for* the consequences of that act. Accordingly, the trial court erred in failing to grant appellant's motion for summary judgment as to the entirety of appellee's claim.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 17, 1985.

*Daniel S. Reinhardt, G. Craig Birchette, Kevin Greene*, for appellant.

*Guy E. Davis, Jr., Michael G. Frick*, for appellee.