562 So.2d 107 (1990)
Hardle M. SPEARS; Rebel Motor Freight, Inc., Intervenor, and Transport Insurance Co., Intervenor
v.
MISSISSIPPI POWER & LIGHT CO., INC.; 4-55, Inc., and Union Oil Co. of California, Inc.
No. 07-CA-58918.
Supreme Court of Mississippi.
May 9, 1990.
Rehearing Denied June 20, 1990.
John L. Bailey, Baglan Bailey & Henning, Batesville, for appellant.
J. Carter Thompson, Jr., Butler Snow O'Mara Stevens & Cannada, Jackson, for intervenors.
Jack F. Dunbar, John H. Dunbar, Holcomb Dunbar Firm, Oxford, for appellees.
Before ROY NOBLE LEE, C.J., and PITTMAN and BLASS, JJ.
BLASS, Justice, for the Court:
It was a dark night and there was a heavy downpour of rain at the 4-55 Truck Stop in Senatobia, Mississippi, when the plaintiff, driving a heavy truck, entered the parking lot of the truck stop. The parking lot was paved with black asphalt and there was a black power pole supporting a light and a transformer located near the center of the paved area of the parking lot. We do not know whether the light was burning at the time, but the record shows that the parking lot was dimly lit and visibility was very poor. The plaintiff, moving at approximately five miles per hour, looking for a place to park the truck, ran into the light pole which fell on the impact. The falling pole crashed into the cab of the plaintiff's truck and injured him. The pole belonged to the Mississippi Power & Light Co., Inc. (MP & L). Union Oil Co. of California, Inc. and 4-55, Inc. had interests in the premises and they, along with the power company, were sued in the Circuit Court of Tate County. When the case actually went to trial, only MP & L remained as the defendant.
The complaint charged that the power company was negligent in its failure to warn motorists entering the parking lot and failed to take adequate measures to protect motorists from the unlit pole. It charged that the pole was placed in the middle of a heavily travelled, poorly lit parking lot; that MP & L knew of the risk of injury and failed to correct a defective condition. The complaint also charged MP & L with strict liability for the defective design, placement, and maintenance of the pole which was struck by the plaintiff's vehicle. MP & L was granted a summary judgment on the issue of strict liability and no appeal was taken from that order, therefore that question is not before us.

*108 I.
The case came on for trial on November 2, 1987. At the close of the plaintiff's case, MP & L moved for a directed verdict, on the ground that the plaintiff was a trespassor or, at best, a licensee with respect to the power pole, and that MP & L owed him no duty other than to refrain from wilfully and wantonly injuring him. A directed verdict was granted, and plaintiff appeals. Plaintiff presents the following issue:
The standard of care owed by an electric power company to an invitee of the business property parking lot owner where the power company has an easement and right-of-way across the parking lot, and the invitee of the property owner is injured on a rainy night when he collided with a dark, unmarked power pole owned by the power company and which occupies a portion of the premises where traffic normally flowed.
We consider the quoted issue to present the question, "What is the standard of care owed by the power company to users of the parking lot?"
With deference to the learned trial judge, we cannot agree that the plaintiff was a trespassor or a licensee as to the defendant's power pole. The power company which owned the pole had an easement and right-of-way across the truck stop. Pursuant to the easement, it placed its pole in approximately the center of the lot, with a transformer mounted on it. It placed no guard rails around the pole nor reflectors on it. Knowing that this pole was placed in the center of a heavily used parking lot, it was necessarily aware of the fact that vehicles would be moving around and about the pole at all hours. Under these circumstances we are satisfied and hold that the power company owed some duty to those who might be using the lot to park vehicles while utilizing the facilities of the truck stop. Certainly, when we exercise our right to utilize our property, we have the duty to avoid creating an unreasonable risk of harm to another. Restatement (Second) of Torts § 297 (1965). Reasonable care is the care a reasonable person would exercise under like circumstances. Id. § 283. Measured by this standard, it would be a question for the jury to determine whether or not the power company met this standard. Whether or not the pole was properly located, lighted or otherwise marked; and whether or not a reasonable person would anticipate contact between the light pole and moving vehicles are jury questions. Was the injury to the plaintiff or to someone using the lot to park a vehicle, foreseeable or one which the defendant would be obliged to anticipate? Was the pole adequately marked? Should it have been surrounded by guard rails or some other device to prevent its being struck with the risk that the transformer located on it might injure persons or property in its fall? We think these and other questions presented material issues of fact which should have been presented to the jury. What we say here is consistent with the case law of other jurisdictions which have discussed similar issues. Georgia Power Co. v. Collum, 176 Ga. App. 61, 334 S.E.2d 922 (1985) (power company charged with duty of ordinary care in construction and maintenance of wires, poles, transformer, and equipment). Hellman v. Julius Kolesar, Inc., 399 N.W.2d 654 (Minn.App. 1987) (applied common law test of duty which involves probability or forseeability of injury to plaintiff). Scheel v. Tremblay, 226 Pa.Super. 45, 312 A.2d 45 (1973) (in locating pole the utility is charged with the duty to locate so as to avoid unreasonable and unnecessary dangers to travelers upon the highway). Davis v. Chrysler Corp., 151 Mich. App. 463, 391 N.W.2d 376 (1986) (issue of breach of duty to properly maintain pole is question for jury). Bourget v. Public Service Co., 98 N.H. 237, 97 A.2d 383 (1953) (question of improper placement and maintenance of utility pole is for jury). Vigreaux v. La. Dept. of Transp. & Devel., 535 So.2d 518 (La. App. 1988) (jury question as to whether utility's placement of pole adjacent to road constituted unreasonable risk of harm to users of road).

II.
The appellee, MP & L, contends that the directed verdict was correct for the *109 reason that there was no duty owed to the plaintiff and for the reason that the plaintiff's negligence was the sole proximate cause of his injury. MP & L cites Brocato v. Miss. Publishers Corp., 503 So.2d 241 (Miss. 1987) and Hickox By and Through Hickox v. Holleman, 502 So.2d 626 (Miss. 1987) as authority for placing this alternative issue before the court. We have discussed the duty above, and have concluded that whether this duty was properly discharged was for the jury to determine.
We come to a like conclusion on the question of the negligence of the plaintiff. The power company argues that Spears' own negligence is the sole proximate cause of his injury, as a matter of law, citing: Gartman v. Bush Construction Co., 227 So.2d 846 (Miss. 1969) (road was being graded and decedent drove into dust without slackening his speed and was unable to stop or avoid overtaking and striking a truck traveling in the same direction.); Merchant's Company v. Way, 235 So.2d 278 (Miss. 1970) (driver of a following automobile overtook and struck a truck when the truck stopped due to blinding smoke and the following auto continued travelling at a rate of 45 to 50 mph.); Robertson v. Welch, 242 Miss. 110, 134 So.2d 491 (1961) (decedent was hit by Welch, who was traveling in a misty rain, at night at approximately 35 mph, and testified that he was unable to see decedent before he hit her.) Spears did not have a right to a clear and unobstructed roadway. Williams v. Moses, 234 Miss. 453, 106 So.2d 45 (1958). He is presumed to have seen what he should have seen. Kettle v. Musser's Potato Chips, Inc., 249 Miss. 212, 162 So.2d 243 (1964). A driver is negligent if he drives when he cannot see far enough ahead to stop within the range of his vision. Planter's Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So.2d 578 (1951).
Appellant, in reply, distinguishes Gartman, Merchants Co. and Robertson, and argues that Spears was operating his vehicle in a careful prudent manner. Appellant urges that the question of whether or not there was any negligence on his part is to be determined by a jury.
We have examined these cases and find that they are substantially distinguished from the instant case upon the facts. One distinction is that here the plaintiff was moving very slowly and attempting to park his vehicle. He did not contend that he could not see other trucks in the lot, but only that he could not see the black pole in or on the black pavement. We have concluded that whether the plaintiff was negligent and the extent of his negligence is also a question which ought to have been submitted to the jury. The case must, therefore, be reversed and remanded for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.